The STATE of Ohio, Appellee,

v.

WESLEY, Appellant.

[Cite as *State v. Wesley,* 149 Ohio App.3d 453, 2002-Ohio-5192.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–02–1070.

Decided Sept. 30, 2002.

**454**

William Wesley, pro se.

---

James R. Sherck, Judge.

{¶ 1} In 1991, appellant, William Wesley, pled guilty to kidnapping and rape with a specification of a prior conviction. Appellant was sentenced in the Lucas County Court of Common Pleas to an indeterminate term of imprisonment of ten to twenty-five years. He did not directly appeal his conviction and sentence. However, in 1994, he petitioned for postconviction relief. Postconviction relief was denied and that decision was affirmed by this court. *State v. Wesley* (Mar. 29, 1996), Lucas App. No. L–95–201, 1996 WL 139689.

{¶ 2} In 2000, pursuant to R.C. Chapter 2950, a sexual-predator hearing was held. As a result of that hearing, appellant was adjudicated a sexual predator. Again appellant did not directly appeal this determination but later sought leave to file a delayed appeal. We denied leave. *State v. Wesley* (Feb. 12, 2001), Lucas App. No. L–01–1029. Appellant then filed a "Petition to Vacate or Set Aside Sentence" related to his sexual-predator determination, asserting that (1) his sexual-predator classification constituted double jeopardy, (2) he was denied effective assistance of counsel during his sexual-predator adjudication, and (3) his sexual-predator adjudication was a breach of his initial plea agreement. The trial court denied appellant's "Petition" and this appeal followed.

{¶ 3} Appellant, pro se, has filed a 43–page brief (13 pages more than permitted without leave by 6th Dist.Loc.App.R. 10[A]), in which he sets forth seven assignments of error, each raising one or another purported constitutional violation. The state has not filed a brief.

{¶ 4} Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision.

{¶ 5} Generally, appellate courts will not consider errors which could have been, but were not, called to the attention of the trial court, *State v. Peagler* (1996), 76 Ohio St.3d 496, 499, 668 N.E.2d 489, including constitutional issues raised for the first time on appeal. *State v. Awan* (1986), 22 Ohio St.3d 120, 124, 22 OBR 199, 489 N.E.2d 277. Accordingly, appellant's first, second, fifth, and sixth assignments of error are not well taken.

{¶ 6} As regards the remaining assignments of error, an R.C. 2950.09(B) hearing is a civil proceeding. *State v. Gowdy* (2000), 88 Ohio St.3d 387, 398, 727 N.E.2d 579; *State v. Cook* (1998), 83 Ohio St.3d 404, 423, 700 N.E.2d 570. Notwithstanding the state's extensive trial court argument characterizing appellant's "Petition" as an application for postconviction relief, it appears that

the trial court properly treated it as a motion for relief from judgment, pursuant to Civ.R. 60(B). As such, it would have been untimely pursuant to Civ.R. 60(B)(1), (2), or (3). Civ.R. 60(B)(4) appears inapplicable. A motion pursuant to Civ.R. 60(B)(5) is likely untimely, but, in any event, would not be well taken, as appellant's substantive grounds are without merit. *State v. Williams* (2000), 88 Ohio St.3d 513, 528, 728 N.E.2d 342 (double jeopardy not implicated in sexual-predator classification); *State v. Cook*, supra, at 418, 700 N.E.2d 570 (R.C. Chapter 2950 imposes no new disability on defendant and, therefore, cannot violate a plea agreement); and appellant submitted no allegation that he might have been prejudiced by any substandard counsel conduct, see *Strickland v. Washington* (1984), 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674. Accordingly, appellant's remaining assignments of error are not well taken.

{¶ 7} Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.

Judgment affirmed.

MARK L. PIETRYKOWSKI, P.J., and MELVIN L. RESNICK, J., concur.