OPINION
{¶ 1} Defendant-appellant, Ricardo Dodson, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for relief from judgment. Because the trial court did not abuse its discretion, we affirm that judgment.
 {¶ 2} In 1991, appellant was convicted of multiple charges in two unrelated criminal cases. In total, he was found guilty of four counts of rape, one count of attempted rape, and two counts of kidnapping. This court affirmed all of appellant's convictions. State v. Dodson (Oct. 24, 1991), Franklin App. No. 91AP-411, and State v. Dodson (Oct. 31, 1991), Franklin App. No. 91AP-498. On January 11, 2002, the trial court held a hearing pursuant to R.C. Chapter 2950 to determine whether appellant should be classified as a sexual predator. In a decision dated January 14, 2002, the trial court classified appellant as a sexual predator. This court affirmed that classification, rejecting appellant's claim that the evidence was insufficient to classify him as a sexual predator. State v. Dodson, Franklin App. No. 02AP-141, 2002-Ohio-4771. Appellant did not present any claims of ineffective assistance of counsel in his direct appeal.
 {¶ 3} Subsequently, on January 8, 2003, appellant filed a Civ.R. 60(B) motion for relief from the trial court's judgment classifying him as a sexual predator. Without a hearing, the trial court denied appellant's motion, ruling that appellant did not timely file his motion and failed to set forth operative facts supporting a meritorious defense.
 {¶ 4} Appellant appeals, assigning the following assignments of error:
1. The Trial Court abused its discretion, thus, denied appellant his Fourteenth Amendment due process right to a Fair Hearing when it failed to apply the two-part Prong/Standard of Strickland -vs- Washington in evaluating Ineffective Assistance of counsel claims and determining whether a Meritorious Defense was alleged or demonstrated.
2. The Trial Court abused its discretion, and denied the appellant a fair hearing as required pursuant to the fourteenth amendment due process clause, where he failed to apply the standards set forth in Haines -vs- Kerner, 404 U.S. 519, when considering the rule § 60(B) Motion. Thus, where the evidence clearly shows a substantial Constitutional Violation, the trial court Erred by dismissing on procedural default: [sic]
3. The Trial Court abused its discretion, and denied appellant a fair hearing as required pursuant to the fourteenth amendment due process clause, where he failed to consider Appellant's claim of fraud committed by the State Expert Witness[.]
 {¶ 5} Because appellant's assignments of error are interrelated, we will address them together. However, we first note that the trial court assumed that a Civ.R. 60(B) motion was the proper procedural vehicle to challenge a sexual predator determination that has already been upheld on appeal. For purposes of this decision, we make that same assumption. SeeState v. Wesley, 149 Ohio App.3d 453, 2002-Ohio-5192, at ¶ 6;State v. Linton, Portage App. No. 2000-P-0059, 2002-Ohio-845.
 {¶ 6} The trial court denied appellant's motion based on his failure to satisfy the requirements of Civ.R. 60(B). Civ.R. 60(B) provides, in pertinent part:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. * * *
 {¶ 7} The Supreme Court of Ohio set forth the requirements for obtaining relief from judgment in GTE Automatic Electric v.ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus:
To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
 {¶ 8} These three elements must each be satisfied before relief from judgment may be granted. Id. at 151; Strack v.Pelton (1994), 70 Ohio St.3d 172, 174.
 {¶ 9} A motion made pursuant to Civ.R. 60(B) is addressed to the sound discretion of the trial court and that court's ruling will not be disturbed on appeal absent a showing of an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77;Moore v. Emmanuel Family Training Ctr., Inc. (1985),18 Ohio St.3d 64, 66; Investors Reit One v. Fortman (Jan. 16, 2001), Franklin App. No. 00AP-195. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable or arbitrary. Rock v. Cabral
(1993), 67 Ohio St.3d 108, 112.
 {¶ 10} We first address the timeliness of appellant's motion. Appellant argues in his first assignment of error that the trial court should have granted his motion for relief from judgment based upon ineffective assistance of counsel. For purposes of Civ.R. 60(B), appellant's ineffective assistance of counsel claims would fall under the "any other reason justifying relief from judgment" grounds set forth in Civ.R. 60(B)(5). State v.Jones, Ashtabula App. No. 2001-A-0072, 2002-Ohio-6914, at ¶ 13. Accordingly, appellant's motion must have been filed within a reasonable time. GTE Automatic Electric, supra. The determination of what constitutes a reasonable time is left to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. Miamisburg Motelv. Huntington Natl. Bank (1993), 88 Ohio App.3d 117, 128.
 {¶ 11} Appellant was determined to be a sexual predator by judgment dated January 14, 2002. This court affirmed that judgment on September 12, 2002. Appellant did not file his motion for relief from judgment until January 8, 2003. Appellant failed to provide any explanation for this delay. As previously noted, the arguments that appellant presented in his motion for relief from judgment were not asserted in his direct appeal. It was not an abuse of discretion for the trial court to find that appellant's unexplained delay of approximately one year between the trial court's judgment and his motion for relief from that judgment was unreasonable. See Drongowski v. Salvatore (Oct. 1, 1992), Cuyahoga App. No. 61081 (finding unexplained 11-month delay unreasonable); Cooper v. Cooper (Nov. 4, 1998), Medina App. No. 2741-M (finding unexplained 11-month and three weeks' delay unreasonable); Schmuhl v. Schmuhl (Feb. 6, 1997), Cuyahoga App. No. 71005 (finding almost one year unexplained delay unreasonable).
 {¶ 12} Appellant argues in his third assignment of error that the trial court should have granted his motion for relief from judgment based upon fraud. Civ.R. 60(B)(3). A motion filed pursuant to Civ.R. 60(B)(3) must be filed not more than one year after the judgment was entered. GTE Automatic Electric, supra, at paragraph two of the syllabus. In this regard, appellant filed his motion within one year of the trial court's judgment.
 {¶ 13} However, the trial court also denied appellant's motion based on appellant's failure to set forth operative facts supporting a meritorious defense. The trial court did not abuse its discretion in determining that appellant failed to set forth operative facts supporting a meritorious defense. The purported defenses raised by appellant (ineffective assistance of counsel and fraud) would be barred by res judiciata. State v. Scruggs,
Franklin App. No. 02AP-621, 2003-Ohio-2019. As previously noted, appellant's sexual predator classification was affirmed on appeal. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Perry
(1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. Therefore, any issues that appellant raised or could have raised in his direct appeal are barred by res judicata in other proceedings. State v. Reynolds (1997), 79 Ohio St.3d 158, 161.
 {¶ 14} We note that, during his sexual predator hearing, appellant was represented by an attorney from the Franklin County Public Defender's Office. In his direct appeal of his sexual predator classification, appellant was represented by a different attorney in the Franklin County Public Defender's Office. When a criminal defendant is represented by two different attorneys from the same public defender's office at trial and on direct appeal, "res judicata bars a claim of ineffective assistance of trial counsel raised for the first time in a petition for postconviction relief when such claim could have been made on direct appeal without resort to evidence beyond the record, unless the defendant proves that an actual conflict of interest enjoined appellate counsel from raising a claim of ineffective assistance of trial counsel on direct appeal." State v. Lentz
(1994), 70 Ohio St.3d 527, 529. In the case at bar, appellant did not allege in his motion an actual conflict of interest that would have prevented his appellate counsel from raising a claim of ineffective assistance of trial counsel on direct appeal. Therefore, this claim is barred by res judiciata.
 {¶ 15} Likewise, the facts upon which appellant bases his claim of fraud were known by appellant at the time of the sexual predator hearing and at the time of the subsequent appeal. Therefore, this alleged defense would also be barred by res judicata.
 {¶ 16} Lastly, contrary to the assertions made in appellant's second assignment of error, given the untimeliness of appellant's motion and the lack of a meritorious defense, the trial court did not abuse its discretion by denying the motion without a hearing. See Cuervo v. Snell (1998), 131 Ohio App.3d 560, 569.
 {¶ 17} Accordingly, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Lazarus, P.J., and Bowman, J., concur.