NATIONAL CITY BANK, Appellee,

v.

RINI, Appellant.

[Cite as *Natl. City Bank v. Rini,* 162 Ohio App.3d 662, 2005-Ohio-4041.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 2004–P–0051.

Decided Aug. 5, 2005.

---

1. Appellee has submitted what can only be characterized as a proposed plea agreement, not signed by anyone.

Scott S. Weltman and Maria A. Rowan, for appellee.

Frederic P. Schwieg, for appellant.

COLLEEN MARY O'TOOLE, Judge.

{¶ 1} The following is an accelerated calendar appeal. Appellant, Joseph A. Rini, appeals from a judgment of the Portage County Court of Common Pleas, which denied his motion for relief from a cognovit judgment in favor of appellee, National City Bank. For the reasons that follow, we reverse the judgment of the common pleas court and remand this matter for further proceedings.

{¶ 2} Appellee filed a complaint on a cognovit note with the Portage County Court of Common Pleas. The complaint alleged that appellant had failed to pay the balance due on a commercial demand note and a modification of this demand note. The note and modification named Gregory, Inc. as the debtor. Nevertheless, the complaint maintained that appellant was personally liable for the debt based upon his execution of an unconditional and continuing guarantee on behalf of Gregory, Inc.

{¶ 3} In support of these allegations, copies of the demand note, modification of the demand note, and guarantee were attached to the complaint. The demand note was dated May 8, 1995, and demonstrated that Gregory, Inc., as the debtor, was to pay appellee the principal amount of $200,000. Appellant signed the demand note as Gregory, Inc.'s representative. The modification of the demand note was executed on May 18, 2001, and increased the principal amount of $200,000 to $300,000.

{¶ 4} Also, on May 18, 2001, appellant signed an unconditional and continuing guarantee. The guarantee established appellant as the guarantor of Gregory, Inc.'s $300,000 debt to appellee. It specifically stated that appellant "absolutely and unconditionally guarantees the prompt and punctual payment when due, by acceleration or otherwise, of each obligation * * * now existing or hereafter

created." The guarantee became immediately effective and was to continue indefinitely. As the guarantor, appellant was personally liable for Gregory, Inc.'s debt, and he waived service of process. The guarantee included a warrant of attorney, which allowed the court to immediately enter judgment when an attorney declared that appellee was entitled to judgment on the debt.

{¶ 5} An answer was filed contemporaneously with the complaint. The answer included an attorney's declaration that judgment in favor of appellee, in the amount of $231,811.76, was warranted. Accordingly, on February 17, 2004, the common pleas court issued a cognovit judgment entry in favor of appellee.

{¶ 6} On March 8, 2004, appellant moved for relief from the cognovit judgment entry, pursuant to Civ.R. 60(B). Appellant maintained that he was entitled to relief based upon the meritorious defenses of waiver and promissory estoppel.

{¶ 7} In support of his waiver defense, appellant attached a letter from a representative of appellee, dated August 12, 2003. The letter notified appellant that the $300,000 debt was "secured by business assets" only. Also attached to the motion was a July 23, 2003 transcribed voice-mail message from appellee's representative, which expressly informed appellant that he was not a personal guarantor of Gregory, Inc.'s debt. Based upon this evidence, appellant argued that appellee had waived its right to enforce the guarantee.

{¶ 8} With respect to his promissory estoppel defense, appellant maintained that appellee's failure to properly advise him of the guarantee caused a detrimental reliance. Thus, appellant concluded that promissory estoppel represented a meritorious defense.

{¶ 9} Following appellee's brief in opposition, a magistrate hearing was conducted. Appellant was the only individual to testify during the hearing. The parties stipulated that the transcribed voice-mail message was an authentic and accurate representation and that appellant had signed the guarantee.

{¶ 10} Appellant testified that he was the president and majority shareholder of Gregory, Inc. His testimony further revealed that Gregory, Inc. filed for Chapter 7 bankruptcy in September 2003. Appellant stated that based upon appellee's assurances that he was not the personal guarantor of the debt, he cashed in $70,000 of Gregory, Inc.'s stock and used a portion of this money to pay various creditors. Appellant further stated that he was unaware he had signed a guarantee, and appellee's assurances reinforced his belief that he was not personally liable. He testified that had he been aware of the personal guarantee, he would have applied the $70,000 toward payment of the debt.

{¶ 11} On May 6, 2004, the magistrate issued a decision denying appellant's motion for relief from judgment.[1] The magistrate first noted that appellant was

---

1. The magistrate had issued a previous decision denying appellant's motion for relief; however, due to a minor grammatical mistake, the May 6, 2004 decision was issued.

not required to prove that he would prevail on a defense; rather, appellant's burden was only to allege a meritorious defense. Next, the magistrate found that inconsistent conduct does not constitute waiver. Accordingly, the magistrate determined that appellant's waiver defense was not meritorious because he failed to allege "any facts that would indicate that [appellee] made any representation intending to waive the personal guaranty." Instead, the magistrate construed appellee's assertions that appellant was not a personal guarantor as a mistake. Moreover, the magistrate concluded that appellant's promissory estoppel defense was not a meritorious defense.

{¶ 12} Appellant filed timely objections to the magistrate's decision. He argued that the magistrate erred in finding that waiver and promissory estoppel were not meritorious defenses. The court issued a judgment entry overruling appellant's objections and adopting the magistrate's decision in its entirety. Thus, appellant's motion for relief from the cognovit judgment was denied.

{¶ 13} From this judgment, appellant filed a timely notice of appeal and now sets forth the following assignment of error for our review:

{¶ 14} "The trial court erred to the prejudice of defendant-appellant in denying his motion to vacate plaintiff-appellee's cognovit judgment."

{¶ 15} Prior to addressing appellant's sole assignment of error, we will set forth the appropriate standard of review. When examining a court's denial of a motion for relief from judgment, an abuse-of-discretion standard of review is applicable. *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 19, 665 N.E.2d 1102. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 16} Under his sole assignment of error, appellant argues that the court's denial of his motion for relief from judgment was an abuse of discretion. Appellant contends that the court erred in requiring him to demonstrate that he would prevail on his alleged defenses. In doing so, appellant maintains that the magistrate's finding that appellee's misrepresentation did not waive the guarantee was not supported by the evidence.

{¶ 17} Civ.R. 60(B) applies to relief from all judgments, including cognovit judgments. *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 68 O.O.2d 251, 316 N.E.2d 469, paragraph one of the syllabus. In general, to prevail on a motion for relief from judgment brought pursuant to Civ.R. 60(B), "the moving party must demonstrate that '(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a

reasonable time.' " *Cuyahoga Support Enforcement Agency v. Guthrie* (1999), 84 Ohio St.3d 437, 440, 705 N.E.2d 318, quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 150, 1 O.O.3d 86, 351 N.E.2d 113.

{¶ 18} However, this test is modified when a party is seeking relief from a cognovit judgment. Because the judgment debtor is not afforded notice or the opportunity to answer the complaint prior to the entry of a cognovit judgment, the judgment debtor is not required to show entitlement to relief under one of the specific grounds listed under Civ.R. 60(B). *Nappi v. Cantagallo* (Nov. 24, 1995), 11th Dist. No. 95–A–0016, 1995 WL 803567, at 4. "Therefore, a party seeking relief from a cognovit judgment is only required to demonstrate the existence of a meritorious defense and that the motion is made within a reasonable time." Id.

{¶ 19} In this case, appellant filed his motion for relief from judgment less than a month after the court issued its cognovit judgment entry. As conceded by both parties, appellant's motion was filed within a reasonable time. Consequently, the only remaining burden on appellant was to demonstrate the existence of a meritorious defense.

{¶ 20} That being said, to obtain relief under Civ.R. 60(B), the movant party must present operative facts that demonstrate the existence of a meritorious defense or claim. *Adomeit*, 39 Ohio App.2d 97, 68 O.O.2d 251, 316 N.E.2d 469, at paragraph two of the syllabus. There is no requirement that a movant party submit evidentiary materials, such as an affidavit, to support his or her motion for relief. Id. at 103, 68 O.O.2d 251, 316 N.E.2d 469. But good legal practice dictates that the movant submit relevant evidence to demonstrate operative facts, as sufficient factual information is necessary to warrant a hearing on the motion. Id. at 104, 68 O.O.2d 251, 316 N.E.2d 469.

{¶ 21} "If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civ.R. 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion." Id. at 105, 68 O.O.2d 251, 316 N.E.2d 469. Here, the court conducted a hearing, which allowed appellant to present evidence verifying his operative facts.

{¶ 22} We emphasize that, although a hearing was granted, appellant was not required to prove that his Civ.R. 60(B) arguments would prevail at trial. His burden was still merely to demonstrate the existence of a meritorious defense. The purpose of the hearing was not to establish the merit of appellant's defenses; rather, the purpose of the hearing was to verify the operative facts.

{¶ 23} Appellant argues that the magistrate and court erred in determining that waiver was not a meritorious defense. We agree.

{¶ 24} The magistrate and court improperly concluded that waiver cannot be established by inconsistent conduct. Generally, waiver is the voluntary relinquishment of a known right. *State ex. rel. Wallace v. State Med. Bd. of Ohio* (2000), 89 Ohio St.3d 431, 435, 732 N.E.2d 960. The waiver of a contract provision may be express or implied. *Griffith v. Linton* (1998), 130 Ohio App.3d 746, 751, 721 N.E.2d 146. In particular, " 'waiver by estoppel' exists *when the acts and conduct of a party are inconsistent with an intent to claim a right,* and have been such as to mislead the other party to his prejudice and thereby estop the party having the right from insisting upon it." (Emphasis added.) *Mark–It Place Foods, Inc. v. New Plan Excel Realty Trust, Inc.,* 156 Ohio App.3d 65, 2004-Ohio-411, 804 N.E.2d 979, at ¶ 57. See, also, *Daniel E. Terreri & Sons, Inc. v. Mahoning Cty. Bd. of Commrs.,* 152 Ohio App.3d 95, 2003-Ohio-1227, 786 N.E.2d 921, at ¶ 110. Waiver by estoppel allows a party's inconsistent conduct, rather than a party's intent, to establish a waiver of rights.

{¶ 25} Here, appellant provided adequate evidence demonstrating conduct by appellee inconsistent with an intent to enforce the rights of the personal guarantee. Namely, appellant has established that on two separate occasions, appellee informed him that he was not a personal guarantor of Gregory, Inc.'s debt. The August 12, 2003 letter notified appellant that this debt was secured by business assets only. Similarly, the July 23, 2003 voice-mail message expressly stated that appellant was not the personal guarantor. Further testimony revealed that appellant's reliance upon the foregoing assertions resulted in the detrimental expenditure of funds derived from Gregory, Inc. stock.

{¶ 26} Although the magistrate considered appellee's assertions to be a mistake, this evidence could also be construed as conduct inconsistent with appellee's intent to enforce the guarantee. Moreover, the magistrate's conclusion was based upon the improper determination that appellant's failure to show that appellee *intended* to waive its rights precluded the waiver defense. To the contrary, under the theory of waiver by estoppel, appellant need only show that appellee's *conduct* was inconsistent with an intent to enforce its rights.

{¶ 27} Appellant has presented operative facts that establish waiver by estoppel as a meritorious defense. The operative facts were verified during the hearing. Accordingly, the court abused its discretion by denying appellant's motion for relief. To hold otherwise would be contradictory to our previous holding that when assessing a motion for relief from a cognovit judgment, " 'in light of a proper allegation of a meritorious defense, any doubt should be resolved in favor of setting aside the judgment so that the case may be decided on the merits.' " *Bank One v. SKRL Tool & Die, Inc.,* 11th Dist. No. 2003–L–048, 2004-Ohio-2602, 2004 WL 1144487, at ¶ 16, quoting *Advanced Clinical Mgt., Inc. v.*

*Salem Chiropractic Ctr., Inc.,* 5th Dist. No. 2003CA00108, 2004-Ohio-120, 2004 WL 57710, at ¶ 16.

{¶ 28} Based upon the foregoing analysis, the common pleas court abused its discretion by denying appellant's motion for relief from a cognovit judgment, as he has presented a meritorious defense. Appellant's sole assignment of error is with merit. We hereby reverse the judgment of the common pleas court and remand this matter for further proceedings consistent with our opinion.

Judgment accordingly.

FORD, P.J., concurs.

GRENDELL, J., dissents.

DIANE V. GRENDELL, Judge, dissenting.

{¶ 29} I respectfully dissent.

{¶ 30} On May 18, 2001, appellant signed an "unconditional and continuing guarantee" of personal liability to establish a $300,000 line of credit with appellee on behalf of Gregory, Inc.

{¶ 31} By signing the unconditional and continuing guarantee, appellant is precluded from claiming that he was unaware of its contents. A person who signs a guarantee is charged, as a matter of law, "with knowledge of the content of the guarantee." *Barclays Am./Commercial, Inc. v. ROYP Marketing Group, Inc.* (1988), 61 Ohio App.3d 701, 706, 573 N.E.2d 1115; *Jazwa v. Alesci* (Sept. 12, 1996), 8th Dist. Nos. 69857 and 69881, 1996 WL 517639, at *14 ("it is unreasonable for any court to assume that a guarantor signs a guaranty without understanding the nature of the document"). Appellant's acknowledged liability was "unconditional and continuing."

{¶ 32} In response to an inquiry by appellant, a loan officer for appellee erroneously left a telephone message that appellant was "not a personal guarantor on that line [of credit]." The credit "line" referred to is not otherwise identified. Appellant alleges that he relied upon this representation to his detriment.

{¶ 33} When Gregory, Inc. defaulted on its payments to the bank, appellee filed a complaint for judgment against appellant personally under the guarantee along with a warrant acknowledging the debt signed by appellant's attorney. The trial court entered judgment in favor of appellee.

{¶ 34} About a month later, appellant filed a motion for relief from judgment raising the defenses of waiver and estoppel. The trial court denied appellant's motion on the grounds that appellant had failed to raise a meritorious defense. The court found that waiver was inapplicable because appellee did not have the

intent to, i.e., did not voluntarily, relinquish its right to personal judgment against appellant. The court denied appellant's estoppel claim on the grounds that appellant's reliance on the telephone message was not reasonable in light of the fact that he had signed a note personally guaranteeing the debt.

{¶ 35} The majority reverses under a novel theory of "waiver by estoppel." In light of appellant's execution of the guarantee, this theory, which is based on subsequent events, is inapplicable and inappropriate in this case.

{¶ 36} "It is well-established law in Ohio that, 'by definition, a cognovit provision in a promissory note cuts off every defense, except payment, which the maker of the note may have against enforcement of the note.'" *Bates v. Midland Title of Ashtabula Cty., Inc.*, 11th Dist. No. 2003–L–127, 2004-Ohio-6325, 2004 WL 2694923, at ¶ 25, quoting *Tinnes v. Immobilaire IV, Ltd.* (Feb. 13, 2001), Franklin App. No. 00AP–87, 2001 WL 122073, at *6. "[A] meritorious defense is one that goes to the integrity and validity of the creation of the debt or note, the state of the underlying debt at the time of confession of judgment, or the procedure utilized in the confession of judgment on the note." *First Natl. Bank of Pandora v. Freed*, 3rd Dist. No. 5–03–36, 2004-Ohio-3554, 2004 WL 1489074, at ¶ 10.

{¶ 37} Neither of appellant's alleged meritorious defenses encompasses the validity or the integrity of the debt. Therefore, they do not entitle appellant to relief from judgment. If every conceivable defense to a cognovit judgment constituted a meritorious defense, there would be no point in the creation of cognovit notes.

{¶ 38} Even if the defenses of waiver, estoppel, and waiver by estoppel were applicable, appellant has failed to allege operative facts that demonstrate the existence of these defenses in this case.

{¶ 39} The majority focuses on whether appellee waived its right to enforce the guarantee against appellant personally because appellee's "acts and conduct [were] inconsistent with an intent to claim" appellee's right under the guarantee. However, at the time appellee's representative made her erroneous representation, appellee had not made any effort to enforce appellee's rights under the note. According to the complaint and answer filed, payment became due only as of February 5, 2004. Apart from an erroneous response to appellant's inquiry, there has been no action or conduct by appellee inconsistent with an intent to assert appellee's rights.

{¶ 40} The majority finds "two separate occasions" in which appellee "informed [appellant] that he was not a personal guarantor of Gregory, Inc.'s debt." The first is a letter in which, according to the majority, appellant was notified that the debt "was secured by business assets *only*." (Emphasis added). The word

"only" does not appear in the letter itself. The letter merely states that Gregory, Inc.'s line of credit is "in good standing" and is "secured by business assets." Nothing in the letter would lead a reasonable person to conclude that these unidentified "business assets" were the sole guarantee of payment on the debt. Therefore, the majority's conclusion that this letter evidences that the debt "was secured by business assets only" is incorrect.

{¶ 41} The majority also erroneously concludes that appellant relied on appellee's erroneous representation to his detriment by expending funds derived from the sale of Gregory, Inc.'s stock.

{¶ 42} At the hearing, appellant testified that, in reliance on appellee's misrepresentation, he, in his capacity as company president, sold about $70,000 of common stock *owned by the company* and used those funds to pay other creditors, rather than appellee. Appellant further testified that, had he been aware of the personal guarantee, he would have paid appellee instead. The fact that appellant had multiple, apparently lawful debts and paid some of those debts is totally irrelevant to appellant's liability under the guarantee. The defense of "had I known I owed appellee money, I would have not paid my other creditors and paid appellee instead" is meritless. Appellant's actions do not constitute any sort of detriment on appellant's part. Appellant sold company stock, not stock he owned personally. Appellant used the funds to pay his creditors. Appellant had an obligation, as company president, to pay the company's debts. Appellant cannot claim as a personal detriment the performance of his duties as the president of the company.

{¶ 43} Finally, the element of reasonable or justifiable reliance is completely lacking from the operative facts alleged by appellant. The voice mail from appellee's representative does *not* change the reality that appellant freely signed the guarantee and is charged, as a matter of law, with the contents of that document. *Barclays Am./Commercial,* 61 Ohio App.3d at 706, 573 N.E.2d 1115; *Jazwa,* 1996 WL 517639 at *5.

{¶ 44} Since, as a matter of law, appellant had knowledge that he was personally liable in the event of default by Gregory, Inc., appellant could *not* reasonably rely to his detriment on the erroneous representation of appellee's agent. Appellant's guarantee was given as consideration for a $100,000 extension of Gregory, Inc.'s line of credit with appellee. Appellee had no duty to advise appellant that he was liable under the guarantee. Appellee's statement to appellant was simply a gratuitous response to appellee's inquiry. All appellant had to do was *read* the guarantee *he signed.* Appellant cannot benefit from his failure to review the guarantee he executed or from the subsequent misinterpretation of that document by appellee's representative.

{¶ 45} Under the majority's holding, a $100,000 liability may be called into question based solely on a subsequent single erroneous representation by one of the parties. The stability of contracts may not be so easily undermined. The majority's decision invites debtors and guarantors to claim ignorance of their written commitments to escape liability under such contracts when the opportunity arises. Such approach threatens the certainty of written contracts, which is central to our system of commerce.

{¶ 46} I must respectfully dissent from the majority's opinion because the defenses of waiver and estoppel do not entitle appellant to relief from judgment under a cognovit note, the only misrepresentation by appellee was subsequent to appellant's execution of the guarantee and based on a single telephone voice mail, there was no detrimental reliance by appellant, and appellant's reliance was not reasonable or justified. For these reasons, the judgment of the Portage County Court of Common Pleas should be affirmed.