[Cite as *State v. Booker*, 2011-Ohio-2154.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95740**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KENNETH BOOKER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-267018

**BEFORE:**  Celebrezze, P.J., Jones, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**    May 5, 2011

**FOR APPELLANT**

Kenneth Booker, pro se
Inmate No. A241-957
Madison Correctional Institution
P.O. Box 740
London, Ohio   43140


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Mary McGrath
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., P.J.:

{¶ 1}   Appellant, Kenneth Booker, appeals from the denial of his motion for relief from judgment.   Appellant wishes to challenge his classification as a sexual predator stemming from his 1991 rape convictions involving victims under the age of 13 and subsequent classification hearing in 2003.   After a thorough review of the record and law, we affirm.

{¶ 2}   Appellant was indicted and tried on multiple counts of rape and gross sexual imposition involving three victims, all under the age of 13.[1]

---

[1] A directed verdict disposed of several charges of rape and one count of felonious sexual penetration.

Appellant was convicted of two counts of rape in violation of R.C. 2907.02 and gross sexual imposition in violation of R.C. 2907.05. The convictions were affirmed by this court in *State v. Booker* (July 29, 1993), Cuyahoga App. No. 62841 ("*Booker I*").

{¶ 3} After a hearing on December 19, 2003, appellant was classified as a sexual predator under Megan's Law, Ohio's prior classification scheme for sexually oriented offenders. Appellant instituted an appeal of that determination and, in *State v. Booker,* Cuyahoga App. No. 84094, 2004-Ohio-6572 ("*Booker II*"), this court affirmed appellant's classification.

{¶ 4} On August 16, 2010, appellant filed a pro se motion for relief from judgment pursuant to Civ.R. 60(B)(5), claiming he could not be classified as a sexual predator because he was found not guilty of a sexual predator specification.[2] Appellant's motion was denied without a hearing, and the instant appeal was taken.

## Law and Analysis

{¶ 5} Appellant assigns three errors for our review each dealing with the denial of his motion for relief from judgment.

---

[2] We note that appellant's indictment did not charge him with a sexual predator specification, nor was such a specification ever a part of appellant's trial.

**{¶ 6}** "The trial court abused its discretion by failing to make finding and conclusion of law under Civil Rule 52 which was highly prejudice [sic] and violated appellant's due pross [sic] right to the Ohio & U.S. constitution."

**{¶ 7}** "The trial court abused its discretion by failing to consider [appellant's] Civil 60(B)(5) motion [for] relief from judgment and the evidence O.R.C. 2950.09(B)(5), which created a manifest miscarriage of justice & violated appellant's due process right to the Ohio & U.S. constitution."

**{¶ 8}** "The trial court abused its discretion in failing to afford appellant an evidentiary hearing on his Civil Rule 60(B)(5) motion which was highly prejudice [sic] and violated his due process right to the Ohio & U.S. constitution."

## Civ.R. 60(B)

**{¶ 9}** While most postconviction petitions would be governed by R.C. 2953.21, "an R.C. 2950.09(B) hearing is a civil proceeding." *State v. Wesley*, 149 Ohio App.3d 453, 2002-Ohio-5192, 777 N.E.2d 905, ¶6, citing *State v. Gowdy*, 88 Ohio St.3d 387, 398, 2000-Ohio-355, 727 N.E.2d 579; *State v. Cook*, 83 Ohio St.3d 404, 423, 1998-Ohio-291, 700 N.E.2d 570. As the trial court did, we also assume that appellant may properly assert entitlement to relief under Civ.R. 60(B),[3] rather than a postconviction petition under R.C. 2953.21.

**{¶ 10}** When reviewing the denial of a motion for relief from judgment, an appellate court applies an abuse of discretion standard of review. *Shuford v. Owens*, Franklin App. No. 07AP-1068, 2008-Ohio-6220, ¶15, citing *Natl. City Bank v. Rini*, 162 Ohio App.3d 662, 2005-Ohio-4041, 834 N.E.2d 836, ¶15. To constitute an abuse of discretion, the ruling must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between

---

[3] "Crim.R. 57(B) allows for the incorporation of the civil rules and provides: '[i]f no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists.'" *State v. Deaton*, Defiance App. No. 4-08-03, 2008-Ohio-4162, ¶5, quoting *State v. Fulk*, 172 Ohio App.3d 635, 2007-Ohio-3141, 876 N.E.2d 983, ¶10.

competing considerations." *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 473 N.E.2d 264, quoting *Spalding v. Spalding* (1959), 355 Mich. 382, 384-385, 94 N.W.2d 810. In order to have an abuse of that choice, the result must be "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance thereof, not the exercise of reason but rather of passion or bias." Id.

{¶ 11} "To prevail on his motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Indus., Inc.* (1976), 47 Ohio St.2d 146, 150-51, 351 N.E.2d 113.

{¶ 12} Appellant seeks relief under Civ.R. 60(B)(5), "any other reason justifying relief from the judgment." The grounds for relief under this provision must be substantial. *Caruso-Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 448 N.E.2d 1365, paragraph one of the syllabus. "It is to be used only in extraordinary and unusual cases when the interests of justice warrant it." *Harrison v. Doerner*, Cuyahoga App. No. 94270, 2010-Ohio-4682, ¶18, citing *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 316 N.E.2d 469.

## a. Timeliness

{¶ 13} Under this rule, the motion must be "made within a reasonable time." Here, appellant waited from the issuance of this court's opinion in *Booker II,* in 2004, until 2010 to file his motion without any explanation as to why such a delay occurred. As such, this motion was untimely. See *State v. Dodson,* Franklin App. Nos. 03AP-306 and 03AP-307, 2004-Ohio-581, ¶11, citing *Drongowski v. Salvatore* (Oct. 1, 1992), Cuyahoga App. No. 61081; *Cooper v. Cooper* (Nov. 4, 1998), Medina App. No. 2741-M; *Schmuhl v. Schmuhl* (Feb. 6, 1997), Cuyahoga App. No. 71005.

## b. Res Judicata

{¶ 14} Further, appellant presents nothing outside of his understanding when he instituted an appeal from his classification as a sexual predator that would explain why the arguments raised in the instant motion could not have been made in *Booker II.*

{¶ 15} The doctrine of res judicata involves both claim preclusion, which historically has been called estoppel by judgment, and issue preclusion, which traditionally has been referred to as collateral estoppel. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 1995-Ohio-331, 653 N.E.2d 226. Under the claim preclusion branch of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon *any claim* arising out of the transaction or occurrence that was the subject matter of the previous

action." (Emphasis added.) Id. at the syllabus. Issue preclusion, or collateral estoppel, precludes relitigation of an issue that has been "actually and necessarily litigated and determined in a prior action." *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 107, 538 N.E.2d 1058.

{¶ 16} In *Grava*, the court stated that the doctrine of res judicata bars not only subsequent actions involving the same legal theory of recovery as the previous action, but also claims that could have been litigated in the previous action. Id. at 382, citing *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178. Appellant's argued "meritorious claim" is based on information known to him at the time of *Booker II*. Accordingly it should have been argued at that time. Because it was not, it is now barred by res judicata.

{¶ 17} Appellant now claims that these arguments were made in a supplemental pro se brief submitted to this court in *Booker II*, but were ignored. However, appellant provides no evidence that such a brief was actually submitted to this court. A search of this court's records indicates no supplemental brief was filed in *Booker II,* even though leave was granted for such a brief. Further, appellant did not argue below that this court had disregarded arguments made in a supplemental brief in his motion for relief. Appellant's motion is untimely and barred by res judicata.

## Failure to Hold a Hearing

{¶ 18} Appellant also claims the trial court erred when it denied his motion without holding an evidentiary hearing. However, the motion failed, on its face, to set forth an adequate explanation for appellant's delay in filing his motion for relief from judgment, and it was also barred by res judicata. A trial court need not hold an evidentiary hearing when the materials submitted do not demonstrate that the movant is entitled to relief. *State Alarm, Inc. v. Riley Indus. Servs.,* Cuyahoga App. No. 92760, 2010-Ohio-900, ¶11; *McBroom v. McBroom*, Lucas App. No. L-03-1027, 2003-Ohio-5198, ¶39. As such, the trial court did not abuse its discretion when denying appellant's motion without holding a hearing.

## Findings of Fact and Conclusions of Law

{¶ 19} On page five of his motion for relief from judgment, appellant asked the trial court to issue findings of fact and conclusions of law. Civ.R. 52 states, "[w]hen questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found

separately from the conclusions of law." However, any error the court made in not issuing such findings is harmless.

{¶ 20} "If the court's ruling or memorandum opinion, together with other parts of the trial court's record, provides an adequate basis upon which to decide the legal issues presented, there is substantial compliance with Civ.R. 52. *Stone v. Davis* (1981), 66 Ohio St.2d 74, 84-85, 419 N.E.2d 1094. In such cases, the failure of the trial court to make findings of fact and conclusions of law constitutes harmless error." *Goudreau Mgmt. Co. v. Lancaster* (Mar. 24, 1994), Cuyahoga App. No. 65015. Given that appellant's motion was untimely and barred by res judicata, the failure of the trial court to comply with Civ.R. 52 was harmless. Accordingly, appellant's assigned errors are overruled.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

LARRY A. JONES, J., and

SEAN C. GALLAGHER, J., CONCUR