[Cite as *State v. Ortiz*, 2015-Ohio-4906.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102511**

# STATE OF OHIO

PLAINTIFF- APPELLEE

vs.

# EFRAIN ORTIZ

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-08-508855-B

**BEFORE:** Laster Mays, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 25, 2015

**ATTORNEY FOR APPELLANT**

Michael A. Partlow
112 South Water Street, Suite C
Kent, Ohio 44240


**ATTORNEYS FOR APPELLEE**

Timothy McGinty
Cuyahoga County Prosecutor

By: Daniel T. Van
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

## I. Facts and Procedural Posture

{¶1} In 2008, the defendant-appellant Efrain Ortiz ("Ortiz") was found guilty of one count of attempted murder, in violation of R.C. 2923.02(E)(1), and two counts of felonious assault, a violation of R.C. 2903.11. The trial court sentenced Ortiz to nine years in prison for attempted murder and three concurrent years in prison for each felonious assault. Ortiz appealed that conviction to this court, and we affirmed in part and reversed in part, determining that Ortiz could not be sentenced for the felonious assault charges and attempted murder charge. *State v. Ortiz*, 8th Dist. Cuyahoga No. 91819, 2009-Ohio-4983, ¶ 39. The Ohio Supreme Court reversed and held that felonious assault and attempted murder counts were not allied offenses and reinstated the judgment of the trial court. *State v. Ortiz*, 124 Ohio St.3d 562, 2010-Ohio-1429, 925 N.E.2d 138. The court then affirmed Ortiz's convictions and sentences. Ortiz sought additional review by the Ohio Supreme Court, but his appeal was dismissed. *State v. Ortiz*, 128 Ohio St.3d 1404, 2011-Ohio-807, 941 N.E.2d 1206.

{¶2} In 2013, Ortiz filed a motion for relief from judgment in the trial court pursuant to Civ.R. 60(B). The trial court denied the motion on December 17, 2014.

**{¶3}** After review of the record, we agree with the trial court's judgment and affirm. Ortiz assigns one assignment of error for our review.

> I. Whether the trial court commits reversible error by denying a motion for relief from judgment made pursuant to Civ.R. 60(B), where the record reveals that the movant submitted four separate and distinct affidavits which in one fashion or another exonerated the movant of guilt for the crime of which he was convicted and the record is equally clear that his trial counsel failed to call these witnesses.

**{¶4}** In Ortiz's motion, he argues that he did not receive effective assistance of counsel and submits affidavits of additional witnesses that trial counsel should have subpoenaed to testify at his trial. The trial judge denied the motion, ruling that Ortiz did not demonstrate or give any reasons as to why his trial counsel was ineffective and that Ortiz failed to produce any facts or evidence establishing that potential witnesses were never contacted by trial counsel, or that trial counsel did not know of the existence of these potential witnesses. As a result, Ortiz filed this appeal.

## II. Standard of Review

**{¶5}** When reviewing the denial of a motion for relief from judgment, an appellate court applies an abuse of discretion standard of review. *Shuford v. Owens*, 10th Dist. Franklin No. 07AP-1068, 2008-Ohio-6220, ¶ 15, citing *Natl. City Bank v. Rini*, 162 Ohio App.3d 662, 2005-Ohio-4041, 834 N.E.2d 836, ¶ 15 (11th Dist.). To constitute an abuse of discretion, the ruling must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). "'The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.'" *State v. Jenkins*, 15 Ohio St.3d 164, 473 N.E.2d 264

(1984), quoting *Spalding v. Spalding*, 355 Mich. 382, 384-385, 94 N.W.2d 810 (1959). In order to have an abuse of that choice, the result must be "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance thereof, not the exercise of reason but rather of passion or bias." *Id.*; citing *State v. Booker*, 8th Dist. Cuyahoga No. 95740, 2011-Ohio-2154.

### III. Law and Analysis

{¶6} In his assignment of error, Ortiz contends that the trial court committed reversible error by denying a motion for relief from judgment made pursuant to Civ.R. 60(B). Civ.R. 60(B) states,

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶7} Ortiz provided the trial court with four affidavits from people claiming that he is innocent of the charges of which he was convicted. He claims that these affidavits are proof of his trial counsel's lack of diligence in investigating the case against him.

Ortiz argues that his trial counsel should have subpoenaed these witnesses to testify at his trial. He claims that their testimonies could be used to exonerate him of the crime. However, Civ.R. 60(B) states that the motion has to "be made within a reasonable time." Ortiz filed his motion five years after he was sentenced. The statute says that the motion can not be filed more than one year after proceeding. In *Blasco v. Mislik*, 69 Ohio St.2d 684, 433 N.E.2d 612 (1982), the Ohio Supreme court held that "a lapse of nearly two years does not constitute a 'reasonable time' within which to seek Ohio R. Civ. P. 60(B) relief absent unusual circumstances." Ineffective assistant of counsel does not create unusual circumstances because Ortiz could have filed this claim within one year of his conviction.

{¶8} However, Ortiz argues that the trial court did not rule that his motion was untimely, but rather he did not demonstrate that his trial counsel was ineffective. In order to substantiate a claim of ineffective assistance of counsel, the appellant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland* at 688. Judicial scrutiny of defense counsel's performance must be highly deferential. *Id.* at 689. In Ohio, there is a presumption

that a properly licensed attorney is competent. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999).

{¶9} After review of the record, we hold that Ortiz did not demonstrate the ineffectiveness of his trial counsel. Ortiz has failed to produce any evidence or facts proving that his trial counsel never contacted the potential witnesses or even knew of these witnesses. We agree that Ortiz failed to satisfy the first prong of the test and need not address the second prong. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Therefore, we overrule Ortiz's assignment of error.

{¶10} Therefore, the trial court's decision is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court to carry this judgment into execution.

A certified copy of this entry shall constitute mandate pursuant to Rule 27 of the Rule of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

LARRY A. JONES, SR., P.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN
JUDGMENT ONLY WITH SEPARATE
OPINION

SEAN C. GALLAGHER, J., CONCURRING IN JUDGMENT ONLY:

**{¶11}** I must concur in judgment only and clarify the procedural posture of this case. Ortiz filed a motion pursuant to Civ.R. 60(B) claiming ineffective assistance of his trial counsel. The proper procedure would have been to convert the motion into a petition for postconviction relief. *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 9. Pursuant to Crim.R. 57(B), only if no rule of criminal procedure exists can a court, in its discretion, look to the Ohio Civil Rules. *Id.* In this case, Crim.R. 35, governing the filing of a petition for postconviction relief, controls. There was no basis for considering Ortiz's motion as written.

**{¶12}** Nonetheless, the trial court was without jurisdiction to grant postconviction relief. Ortiz filed his motion well outside the time limits prescribed by R.C. 2953.21(A)(2), and Ortiz did not claim, let alone demonstrate, that he was unavoidably prevented from discovering the facts he relied on to present a claim for relief pursuant to R.C. 2953.23(A)(1). For this reason, I would affirm.