[Cite as *Cragon v. Davis*, 2020-Ohio-3149.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| DAWN M. CRAGON, TREASURER ASHTABULA COUNTY, OHIO, | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2019-A-0083** |
| | : | |
| - vs - | : | |
| | : | |
| MATTHEW DAVIS, et al., | : | |
| | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2017 CV 0248.

Judgment: Affirmed.

*Cecilia M. Cooper,* Ashtabula County Prosecutor, and *Robert L. Herman,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Matthew Davis,* pro se, 3702 Station Avenue, Apt. #1, Ashtabula, OH 44004 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Matthew Davis, appeals from the October 21, 2019 Judgment Entry of the Ashtabula Court of Common Pleas, overruling appellant's motion for relief from judgment and other of appellant's motions. For the reasons set forth herein, the judgment is affirmed.

{¶2}    Appellant owns a certain property in Ashtabula County, parcel number 05-219-00-057-00 (the "Property").  In March 2017, appellee, Dawn M. Cragon, Treasurer Ashtabula County, brought the underlying action in foreclosure against appellant for unpaid taxes, assessments, and penalties related to the Property.  In September 2018, appellee filed a motion for default judgment as appellant had not responded to the complaint.  Appellant, pro se, responded on October 22, 2018 in a motion for leave to file an answer, which included, though unsigned and not separate from the motion, a purported answer to the complaint.  The court granted appellant's motion for leave to file and, ultimately, accepted appellant's purported answer and deemed it filed on October 24, 2018.

{¶3}    On February 24, 2019, appellee moved for summary judgment against appellant and for default judgment against other nonresponding defendants.  It appears from the record that appellant shortly thereafter sought the services of an attorney and ultimately retained Attorney Lawrence Smith on March 4, 2019.  Unfortunately, Attorney Smith passed away in June 2019 without having filed a notice of appearance or any other filing on appellant's behalf.

{¶4}    The court held a hearing and granted appellee's motion for summary and default judgment on April 15, 2019.  Almost four months later, on August 13, 2019, after learning of his attorney's passing and inaction, appellant filed a motion for relief from judgment, arguing he was entitled to relief primarily because of the negligence of his attorney in failing to file a notice of appearance and oppose appellee's motion. The court held an oral hearing on the matter in October 2019, and subsequently denied appellant's motion.  It is from this decision that appellant now appeals, assigning two errors for our review, which we address together.  They state:

{¶5}    [1.] The trial court erred in denying Defendant's motion [for] relief after judgment where his attorney's grave illness, [sic] was the reason for failure to file a brief in opposition to Plaintiff's motion for summary judgment, or request an extension of time to respond pursuant to Ohio Civil Rule 56(F).

{¶6}    [2.] The trial court erred in denying Defendant's motion for relief after judgment pursuant to Civ.R. 60(B) where counsel failed to perfect a timely notice of appeal combined with the court's absence of a signed journal entry unavoidably prevents the appeals court from exercising jurisdiction for appellate review.

{¶7}    "When examining a court's denial of a motion for relief from judgment, an abuse-of-discretion standard of review is applicable." *Natl. City Bank v. Rini*, 11th Dist. Portage No. 2004-P-0051, 2005-Ohio-4041, ¶15, citing *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19 (1996). The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Simko v. Simko*, 11th Dist. Ashtabula No. 2017-A-0053, 2018-Ohio-2577, ¶35 (O'Toole, J., dissenting), quoting *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.).

{¶8}    On appeal, appellant makes three main arguments, which he also raised in his motion for relief from judgment. First, appellant argues his attorney's negligence entitled him to relief from the judgment. Second, appellant argues that appellee prematurely filed her motion for summary judgment to appellant's detriment. And finally, appellant argues that the trial court judge rubber stamped, but did not sign, its April 15, 2019 Judgment Entry (Decree of Foreclosure) which renders it not a final and appealable order.

3

{¶9}   First, appellant argues that his attorney's negligence entitled him to relief from the judgment under Civ.R. 60(B).

{¶10}   To prevail on his motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, (1976), at paragraph two of syllabus.

{¶11}   On appeal, however, appellant has not provided any transcripts for our review.  App.R. 9(B)(4) states, in pertinent part:

{¶12}   If the appellant intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of proceedings that includes all evidence relevant to the findings or conclusion.

{¶13}   If no transcript is available, App.R. 9(C) permits an appellant to instead file a statement of the evidence.  Alternatively, App.R. 9(D) permits an appellant to file an agreed statement of the record when no transcript is available.  Though indicating in his notice of appeal, that no transcript was required pursuant to App.R. 9(C) or (D), appellant has not filed any statement, nor provided the transcript of the proceedings.

{¶14}   "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."  *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, (1980).

{¶15}   On appeal appellant simply reiterates the arguments he made in his motion for relief from judgment; he does not point to any specific error the trial court made, aside

4

from, he argues, coming to the wrong conclusion. However, our standard of review on appeal is limited to whether the trial court abused its discretion; we may not review the trial court's decision anew. Further, in his appeal, appellant simply argues that his response in opposition to appellee's motion for summary judgment "would have been supported by depositions, affidavits, interrogatories, and documents referencing payments toward delinquent payment toward the [amount owed]" without pointing to any evidence in the record.

{¶16} The record contains appellant's recent payment history, showing that he has made some payments toward the delinquent balance but has not paid in full. The record also contains the engagement letter signed by Attorney Smith and appellant, as well as an affidavit from appellant attesting to the conversations he had with Attorney Smith regarding this case and Attorney Smith's unresponsiveness to appellant.

{¶17} Nevertheless, we cannot say that the trial court abused its discretion in overruling appellant's motion. Without the transcript, we must presume regularity of the proceedings below. *Warren v. Clay,* 11th Dist. Trumbull No. 2003-T-0134, 2004-Ohio-4386, ¶7. In its October 21, 2019 judgment entry, the trial court stated that it heard sworn testimony from appellee and the bookkeeper for the Ashtabula County Clerk of Courts and ultimately found "that was no error in the Decree of Foreclosure that was issued on April 15, 2019" and "that as of October 17, 2019, there remains due and owing real estate taxes in the sum of $7,000.72 on the parcel in question * * *."

{¶18} Additionally, appellant argues that pursuant to the Magistrate's February 13, 2019 Order, a motion for summary judgment was not permitted to be filed before May 31, 2019 and that appellee prematurely filed. However, appellant misunderstands this Order, which stated, inter alia, that any dispositive motions "may be filed at any time but no later

5

than May 17, 2019," and any response thereto was due by May 31, 2019. In other words, any dispositive motions, such as a motion for summary judgment, were required to be made *before* May 17, 2019, not after May 31, 2019, as appellant argues. Appellee filed her motion for summary judgment on February 25, 2019 before the deadline set by the court. Accordingly, this argument is without merit.

{¶19} Finally, appellant argues that the April 15, 2019 judgment entry was rubber-stamped and not signed by the trial court judge. However, it is apparent from the limited record before us that this argument is factually inaccurate. Although the record does contain a copy of this judgment entry with a rubber-stamped signature, the record also contains the original entry, complete with the trial court judge's blue-ink signature. Thus, appellant's argument that the court's April 15, 2019 judgment entry is not final and appealable due to lack of signature is without merit.

{¶20} Since there is no transcript of the proceedings and no error can be ascertained from the limited record before us, appellant's assignments of error are not well taken.

{¶21} In light of the foregoing, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

MARY JANE TRAPP, J.,

concur.