DECISION AND JUDGMENT ENTRY
{¶ 1} Defendants-appellants, Jerry A. Mulinex and Gary J. Garris, appeal the January 3, 2005 judgment of the Lucas County Court of Common Pleas which denied appellants' motion for relief from cognovit judgment. Based on the foregoing, we affirm the trial court's decision.
 {¶ 2} The relevant facts are as follows. In September 1999, National City Bank ("the bank") extended a $300,000 loan to Gerlinger, Inc.'s preexisting loan obligations. Appellants, as officers of Gerlinger, were asked to sign guaranties for the $300,000 debt; the bank indicated that appellants would be released from the guaranties when the $300,000 debt was repaid. On August 15, 2001, the bank extended a $3,000,000 line of credit to Gerlinger, Inc. On the same day, in conjunction with the promissory note, the bank and appellants executed guaranty agreements whereby the bank would "extend or continue to extend credit" to Gerlinger, Inc. in exchange for appellants' guaranties of all present and future debt to the bank.
 {¶ 3} The bank filed its cognovit complaint on May 7, 2004, alleging that the August 2001 note was in default and that Gerlinger, Inc. was notified of the default and failed to make payment. On May 10, 2004, the bank obtained a $304,916.51 cognovit judgment against appellants.
 {¶ 4} On May 19, 2004, appellants filed a Civ.R. 60(B) motion for relief from judgment. Specifically, appellants raised the following defenses in support of their motion: (1) the bank had improperly overstated the amount due to it on the underlying obligation and had included unauthorized charges and attorney fees; (2) the bank failed to meet the conditions precedent for obtaining judgment; (3) the bank failed to complete and pursue with reasonable diligence available recovery against appellants; (4) the bank caused damages to Gerlinger, Inc., and that appellants were entitled to a set-off; and (5) the bank waived or was estopped from pursuing claims against the defendant.
 {¶ 5} In response, the bank argued, inter alia, that the 2001 guaranties superceded any prior agreements by the parties, that consideration in the form of a line of credit was given for the guaranties, and that the bank timely released the lien on the collateral and is not responsible for any loss due to its sale.
 {¶ 6} In appellants' reply memorandum, appellants further defined the issues to include whether the bank was required to release appellants from their 1999 guaranties after it collected the sums advanced in exchange for the guaranties and whether any new credit was extended following the 2001 guarantees. Appellants supported their defenses with the affidavits of Mulinex and Garris.
 {¶ 7} On January 3, 2005, the trial court denied appellants' motion without conducting a hearing. This appeal followed.
 {¶ 8} Appellants now raise the following assignments of error:
 {¶ 9} "Assignment of Error #1: The lower court erred in failing to grant the appellants' motion to vacate and grant relief from Cognovit Judgment.
 {¶ 10} Assignment of Error #2: The lower court erred in failing to conduct a hearing on appellants' motion to vacate and grant relief from cognovit judgment."
 {¶ 11} In appellants' first assignment of error, appellants contend that because they set forth a meritorious defense or defenses, the trial court erroneously denied their motion for relief from judgment.
 {¶ 12} It is well settled that a motion for relief from judgment pursuant to Civ.R. 60(B) is left to the sound discretion of the trial court, and the court's ruling will not be disturbed absent a showing of abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} Generally, in order to prevail on a motion for relief from judgment, pursuant to Civ.R. 60(B), a movant must demonstrate "that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, at paragraph two of the syllabus, and Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. However, special circumstances exist where a judgment is entered on a cognovit note because the maker has forfeited all rights to notice and a trial. Citizens Natl. Bank of Norwalk v. Wakeman Oil Co. (Sept. 20, 1996), 6th Dist. No. H-95-058, citing D.H. Overmyer Co. v. Frick Co.
(1972), 405 U.S. 174. Thus, in order for a debtor to be entitled to relief under Civ.R. 60(B)(5), the motion need only be timely and allege a "meritorious defense" to the judgment. (Citations omitted) Id.; Kistnerv. Cameo Countertops, Inc.; 6th Dist. No. L-04-1128, 2005-Ohio-1883, at ¶ 5. Although a party need not demonstrate ultimate success on the merits, the movant must provide the trial court with operative facts that would constitute a meritorious defense if found to be true. Fouts v.Weiss-Carson (1991), 77 Ohio App.3d 563, 565.
 {¶ 14} In the present case, the parties do not dispute that the motion was filed within a reasonable time. Appellants first contend a meritorious defense exists because the cognovit judgment overstated the amount owed and included unauthorized loan charges and attorney fees. In support, appellants cite Your Financial Community of Ohio, Inc. v.Emerick (1997), 123 Ohio App.3d 601. In Your Financial, the appellant argued that he was entitled to Civ.R. 60(B) relief because the judgment erroneously included interest that he had paid and that the note had been modified by an oral agreement. The court held that the trial court erroneously denied appellant's Civ.R. 60(B) motion because payment and oral modification are meritorious defenses to a cognovit note claim. Id. at 605-606.
 {¶ 15} Here, unlike Your Financial, appellants contend that the bank assessed improper charges. The guaranties signed by the parties provide for "interest and costs." The guaranties further provide, at clause one, that the "Guarantor also agrees to pay all expenses, legal and otherwise (including court costs and reasonable attorney's fees), paid or incurred by Bank in endeavoring to collect such Guaranteed Debt, or any part thereof, and in enforcing this Guaranty." Because appellants do not claim that they have paid all or part of this debt, this argument does not establish a meritorious defense.
 {¶ 16} Appellants next argue that because the parties orally agreed that their 1999 guaranties would be released upon the repayment of the $300,000 loan, cognovit judgment should be set aside. Appellants contend this because Ohio law provides that an oral modification of a contact may be a defense sufficient to set aside cognovit judgment. Your Financial,123 Ohio App.3d at 606. Conversely, the bank claims that the August 2001 guaranties, which were the basis of the May 2004 cognovit judgment, clearly supplanted any prior statements. Clause nine of the 2001 guaranties provides:
 {¶ 17} "This Guaranty contains the entire guaranty agreement between Guarantor and Bank with respect to all indebtedness arising hereunder and may be in addition to other contracts or guaranty executed by the undersigned in favor of Bank. The provisions of this Guaranty may be modified, altered or amended only by written agreement signed by Guarantor and Bank."
 {¶ 18} As the 2001 guaranties clearly provide, the document itself contains all the provisions regarding its terms. The oral agreement to release the 1999 guaranties following payment has no bearing on the terms of the 2001 guaranties upon which cognovit judgment was granted. Thus, oral modification is not a meritorious defense.
 {¶ 19} Appellants' final argument is that they are entitled to a set-off based upon the bank's negligence and breach of contract regarding the sale of Gerlinger's ceramic tile inventory. In particular, appellants contend that the bank failed to timely release its security interest so the sale could proceed. The bank denies this contention.
 {¶ 20} In Kistner v. Cameo Countertops, Inc., 6th Dist. No. L-04-1128, 2005-Ohio-1883, this court states that "[a] counterclaim or set-off is not a meritorious defense to a cognovit judgment. Id. at ¶ 6. This is so because a counterclaim or set-off is, in effect, a claim "that would reduce or satisfy the amount due on the note"; and relief from cognovit judgment is "granted only to the defendant who has adefense to the action. The distinction is clear. A counterclaim is not a defense. It assumes the existence of the plaintiff's claim, and seeks relief by way of a cross demand." (Emphasis in original.) CambridgeProd. Credit Assn. v. Shaner (May 8, 1987), 5th Dist. No. CA-351. Accordingly, this alleged meritorious defense lacks merit.
 {¶ 21} Based on the foregoing, we find that the trial court did not abuse its discretion because appellants failed to set forth a meritorious defense to the cognovit judgment. Appellants' first assignment of error is not well taken.
 {¶ 22} Appellants' second assignment of error disputes the trial court's failure to conduct a hearing on the motion. A trial court abuses its discretion by failing to conduct a hearing where the movant alleges operative facts which would warrant relief under Civ.R. 60(B). SocietyNatl. Bank v. Val Halla Athletic Club Recreation Ctr., Inc. (1989),63 Ohio App.3d 413, 418, citing Adomeit v. Baltimore (1974),39 Ohio App.2d 97. However, where the motion is adequately supported by affidavits and exhibits, an oral hearing is not required. Id., citingMatson v. Marks (1972), 32 Ohio App.2d 319.
 {¶ 23} In this case, the trial court had ample evidence before it to determine the motion without the need to conduct a hearing. Further, we believe, based on our disposition of appellants' first assignment of error that appellants failed to allege operative facts which would entitle them to relief. Appellants' second assignment of error is not well-taken.
 {¶ 24} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing this appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., concur.