OPINION
{¶ 1} This is an appeal by defendants-appellants, Robert M. Owens and Teri M. Owens, from a judgment of the Franklin County Municipal Court, striking appellants' motion for relief from judgment.
 {¶ 2} On May 2, 2007, plaintiff-appellee, Jeanne S. Shuford, filed a complaint against appellants, alleging that appellants had executed a cognovit promissory note to appellee on October 11, 2005, and that appellants were in default on the note, owing appellee the sum of $10,000, plus interest. A copy of the promissory note was attached *Page 2 
to the complaint. On May 16, 2007, the trial court entered judgment in favor of appellee and against appellants in the amount of $10,000, plus interest.
 {¶ 3} On July 24, 2007, appellants filed a motion for relief from judgment pursuant to Civ. R. 60(B). In the accompanying memorandum, appellants argued they had a meritorious defense in that appellee owed appellant Robert Owens, an attorney, legal fees for litigation conducted on appellee's behalf in a case filed in the Franklin County Court of Common Pleas in 2005, and resolved in 2007. Attached to the motion was the affidavit of appellant Robert Owens, who averred that appellee owed over $18,000 in legal fees, and that appellee had previously agreed to offset the remainder of the $10,000 loan at issue in the instant case in consideration for the unpaid legal fees.
 {¶ 4} On August 6, 2007, appellee filed a memorandum contra appellants' motion for relief from judgment, arguing there was no evidence of a mutual agreement between the parties regarding an offset. Attached to the memorandum contra was the affidavit of appellee who averred that, although appellant Robert Owens represented her in a legal action, such action "was separate from the Note executed by Defendants," and "the legal fees were contingent upon winning the case." (Shuford affidavit, at paragraph 3.) Appellants filed a reply to appellee's memorandum contra, asserting there had been an oral modification of the cognovit note.
 {¶ 5} By entry filed November 20, 2007, the trial court ordered appellants' Civ. R. 60(B) motion stricken for appellants' failure to pay the fees required by court rule for a post-judgment motion. Alternatively, the trial court found that appellants did not have a meritorious defense to appellee's claim on the cognovit note. *Page 3 
 {¶ 6} On appeal, appellants set forth the following two assignments of error for this court's review:
 I. The Trial Court made a mistake of fact in dismissing a Motion for Relief from Judgment for failure to pay a [filing] fee when in fact a filing fee was properly tendered.
 II. The Trial Court issued dicta that misstates Ohio Law with regard to a Motion for Relief from Judgment pursuant to Civil Rule 60(B).
 {¶ 7} We will consolidate appellants' first and second assignments of error for purposes of discussion. As noted under the facts, the trial court granted judgment in favor of appellee on May 16, 2007, finding that appellants owed appellee the sum of $10,000, plus interest, on a cognovit promissory note. Appellants subsequently sought relief under Civ. R. 60(B).
 {¶ 8} The requirements for granting a motion for relief from judgment are set forth in GTE Automatic Elec. v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus, in which the Ohio Supreme Court held:
 To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
 {¶ 9} Under the first assignment of error, appellants assert the trial court erred in finding they failed to tender a $20 post-judgment filing fee with their motion for relief from judgment. Appellants maintain that the docket sheet reflects they did tender such fee to the court. *Page 4 
 {¶ 10} In its decision, the trial court, in considering whether appellants' motion was timely under the GTE standard, noted the motion was filed approximately two months after the judgment was entered; the court determined, however, that "defendants have failed to pay the fees required by the Court's Rule for a post-judgment motion. Therefore, defendants' Motion for Relief form Judgment has not been properly filed." Based upon the trial court's finding that appellants had not properly filed their motion for relief from judgment, the trial court ordered the motion "hereby stricken."
 {¶ 11} On appeal, appellee concedes that appellants paid the $20 filing fee, and we note that a review of the trial court's docketing statement reflects "[r]eceipt" of the filing fee ($20) on July 30, 2007. Appellee maintains, nevertheless, that the trial court was justified in striking appellants' motion because the fee was not timely paid. Specifically, appellee argues, while the motion for relief from judgment was filed July 24, 2007, appellee did not pay the fee until July 30, 2007.
 {¶ 12} Despite appellee's contention that the trial court was justified in striking the motion because appellants tendered the filing fee six days after filing the motion for relief from judgment, a review of the trial court's decision does not indicate the court ordered the motion stricken because the fee was untimely paid. Rather, the trial court determined that appellants "failed to pay the fees." Irrespective of whether appellants tendered the fees in a timely manner, the trial court's finding that the filing fee was not paid is erroneous, and, therefore, does not constitute a proper basis for striking the motion.
 {¶ 13} The trial court's decision, however, in addition to finding that appellants' motion had not been properly filed, cited an alternative basis for rejecting appellants' *Page 5 
claimed relief under Civ. R. 60(B). Specifically, the court's decision states: "Additionally, the court does not find that the defendants would have a meritorious defense."
 {¶ 14} The test under GTE, cited above, for granting a motion for relief from judgment is "modified when a party is seeking relief from a cognovit judgment." Natl. City Bank v. Rini, 162 Ohio App.3d 662,2005-Ohio-4041, at ¶ 18. Specifically, "[b]ecause the judgment debtor is not afforded notice or the opportunity to answer the complaint prior to the entry of a cognovit judgment, the judgment debtor is not required to show entitlement to relief under one of the specific grounds listed under Civ. R. 60(B)." Id. Rather, "`a party seeking relief from a cognovit judgment is only required to demonstrate the existence of a meritorious defense and that the motion is made within a reasonable time.'" Id., quoting Nappi v. Cantagallo (Nov. 24, 1995), Ashtabula App. No. 95-A-0016.
 {¶ 15} In examining a trial court's denial of a motion for relief from judgment, the applicable standard of review is an abuse of discretion.Rini, supra, at ¶ 15. In order to obtain relief under Civ. R. 60(B), "the movant party must present operative facts which demonstrate the existence of a meritorious defense or claim." Id., at ¶ 20. If a Civ. R. 60(B) motion "contains allegations of operative facts which would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion."State ex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149, 151.
 {¶ 16} In the instant case, appellants argue that the trial court confused the standard of evidence required to establish a meritorious defense. Appellants maintain they submitted affidavits alleging an oral loan modification agreed to by the parties in *Page 6 
February of 2006, and that the trial court erred in failing to grant an evidentiary hearing on the matter.
 {¶ 17} In support of their motion for relief from judgment, appellants submitted their own affidavits. In his affidavit, appellant Robert Owens averred that appellee "owes over $18,000 in legal fees to me," and that appellee "previously agreed to offset the remainder of the $10,000 loan at issue in this case in consideration for the unpaid legal fees." (Robert Owens affidavit, at paragraphs 2-3.) Appellant Teri Owens also submitted an affidavit in which she averred that she "understood the $10,000 loan at issue in this matter to be resolved by an offset of the legal fees owed to Attorney Owens by Plaintiff." (Teri Owens affidavit, at paragraph 4.)
 {¶ 18} Ohio courts have noted that, "`by definition, cognovit notes cut off every defense, except payment, which the maker of the note may have against enforcement of the note.'" First Natl. Bank of Pandora v.Freed, Hancock App. No. 5-03-36, 2004-Ohio-3554, at ¶ 9, quotingAdvanced Clinical Mgmt., Inc. v. Salem Chiropractic Ctr, Inc., Stark App. No. 2003CA00108, 2004-Ohio-120, at ¶ 18. While the defense of non-default "is not the only meritorious defense recognized by courts as being available to a cognovit judgment debtor seeking Civ. R. 60(B) relief, in general, a judgment on a cognovit note will `not be vacated for reasons which do not encompass such matters of integrity and validity.'" First Merit Bank v. NEBS Financial Servs., Inc., Cuyahoga App. No. 87632, 2006-Ohio-5260, at ¶ 18, quoting Mervis v.Rothstein, Cuyahoga App. No. 86090, 2005-Ohio-6381, at ¶ 9. In addition to non-default, other defenses involving the integrity and validity of a cognovit note include "improper conduct in obtaining the debtor's signature on the note; deviation from proper procedures in confessing judgment on the note; and *Page 7 
miscalculation of the amount remaining due on the note at the time of confession of judgment." Freed, supra, at ¶ 9.
 {¶ 19} Under Ohio law, "an oral modification of a contract may be a defense to a cognovit judgment and, thus, satisfy the `meritorious defense' criteria for Civ. R. 60(B)." Resolution Trust Corp. v. J.B.Centron Dev. Co. (1993), 92 Ohio App.3d 643, 647. But, see, Natl. CityBank v. Mulinex, Lucas App. No. L-05-1066, 2005-Ohio-5460, at ¶ 18
(because purported oral agreement had no bearing on terms of cognovit note upon which cognovit judgment was grated, "oral modification is not a meritorious defense").
 {¶ 20} A counterclaim or set-off, however, is not a meritorious defense to a cognovit judgment. Kistner v. Cameo Countertops, Inc., Lucas App. No. L-04-1128, 2005-Ohio-1883, at ¶ 6. Rather, "a counterclaim or set-off is, in effect, a claim `that would reduce or satisfy the amount due on the note'; and relief from cognovit judgment is `granted only to the defendant who has a defense to the action.'" (Emphasis sic.) Mulinex, supra, at ¶ 20, quoting Cambridge Prod. CreditAssn. v. Shaner (May 8, 1987), Perry App. No. CA-351. While a set-off or counterclaim does not constitute a valid defense to a cognovit judgment, a judgment debtor retains the right to prosecute a counterclaim in a separate action. Cent. Natl. Bank of Cleveland v. Std. Loan Fin.Co. (1964), 5 Ohio App.2d 101, 105.
 {¶ 21} In the present case, appellants signed a cognovit promissory note whereby appellants waived the issuing and service of process, and released all errors and waived all rights of appeal from judgment. Appellants' alleged defense of a set-off, based upon an unrelated legal action, cannot be used as a meritorious defense to the cognovit judgment because it does not go to the "integrity and validity" of the cognovit note itself. *Page 8 Freed, supra, at ¶ 10. See, also, First Merit Bank, supra, at ¶ 21 (debtor's alleged defense to cognovit judgment "is a thinly-veiled counterclaim or claim for set-off, which cannot be used as a defense in cognovit actions"). Accordingly, while the trial court erred in striking the motion for relief from judgment for appellants' purported failure to submit a filing fee, the trial court did not abuse its discretion in failing to hold a hearing on the motion for relief from judgment as appellants cannot prove a meritorious defense.
 {¶ 22} Based upon the foregoing, appellants' first assignment of error is sustained, appellants' second assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
 PETREE and SADLER, JJ., concur. *Page 1