[Cite as *CitiMortgage, Inc. v. Jackson*, 2014-Ohio-4095.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 101187

---

# CITIMORTGAGE, INC.

#### PLAINTIFF-APPELLEE

vs.

# ROBERT JACKSON, ET AL.

#### DEFENDANTS-APPELLANTS

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-786719

**BEFORE:** Celebrezze, P.J., Rocco, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** September 18, 2014

**FOR APPELLANT**

Robert Jackson, pro se
184 Greenvale Drive
Cleveland, Ohio   44121


**ATTORNEYS FOR APPELLEE**

David B. Bokor
Edward H. Cahill
Matthew P. Curry
Edward M. Kochalski
Matthew J. Richardson
Justin M. Ritch
Manley Deas Kochalski, L.L.C.
P.O. Box 165028
Columbus, Ohio   43216

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, Robert Jackson, pro se, appeals the denial of his motion for relief from judgment, which attempted to vacate an entry of summary judgment and order of foreclosure in favor of appellee, CitiMortgage, Inc. ("CitiMortgage"). Jackson argues that CitiMortgage does not have standing to initiate or maintain suit, that the mortgage was not properly recorded, and that the court abused its discretion in denying his Civ.R. 60(B) motion for relief from judgment without holding a hearing. After a thorough review of the record and law, we affirm the decision of the trial court.

## I.  Factual and Procedural History

{¶2} In 2003, Jackson owned a home located at 184 Greenvale Road, in South Euclid, Ohio. He applied for and obtained a home loan from Principal Residential Mortgage, Inc. ("Principal"). Jackson obtained a loan for $119,000 on May 29, 2003, which was secured by a mortgage on the property. The mortgage was recorded on June 5, 2003. The mortgage executed by Jackson listed Mortgage Electronic Registration System, Inc. ("MERS") as the mortgagee, Jackson as the mortgagor, and Principal as the lender. The mortgage, as evidenced by an assignment recorded June 1, 2012, was transferred from Principal to CitiMortgage on May 24, 2012. According to Jackson, CitiMortgage was the loan servicer prior to initiating foreclosure.

{¶3} Jackson failed to make the required monthly payments, and CitiMortgage initiated suit in the Cuyahoga County Common Pleas Court seeking foreclosure on July

10, 2012. The suit also sought reformation of the granting clause of the mortgage to amend the name of the mortgagor to "Robert Jackson htta Robert Lorand Jackson." CitiMortgage attached to its complaint a preliminary judicial report, a copy of the note endorsed in blank, a copy of the mortgage, and a copy of an assignment of the mortgage to CitiMortgage.

{¶4} The case was transferred to a magistrate for hearing. Service was perfected on Jackson, and he answered on October 1, 2012, requesting mediation. The case was referred to mediation on October 4, 2012. The parties reached a purported agreement, and the court entered an order on March 21, 2013, directing the parties to file a dismissal or notice of intent to proceed by July 15, 2013. On June 10, 2013, CitiMortgage filed its notice of intent to proceed after it claimed Jackson failed to make required payments under the agreement.

{¶5} CitiMortgage filed a motion for summary judgment on August 6, 2013, and Jackson filed his opposition to summary judgment on August 16, 2013. On September 25, 2013, the trial court granted CitiMortgage's motion for summary judgment against Jackson and its motion for default judgment against non-answering defendants. The entry directed the magistrate to issue a written decision to follow. The magistrate issued a decision on September 26, 2013. Jackson filed objections to the magistrate's decision on October 11, 2013. He also filed an untimely request for findings of fact and conclusions of law on November 12, 2013. The trial court overruled Jackson's objections to the magistrate's decision on January 30, 2014. The court officially adopted

the magistrate's decision with a separate written opinion and entered a decree of foreclosure on February 5, 2014.

{¶6} On February 13, 2014, Jackson filed a document titled "Affidavit of Facts Ref: Standing," which set forth allegations that attempted to show CitiMortgage did not have standing. There, he averred that when the deed was submitted for recording, it was never accepted and acknowledged by him and was not validly recorded. Jackson also filed a "Motion to Stay Final Judgment Pending Review of Possible Evidence of Fraud by CitiMortgage and Charles Edmonton on This Court and the Defendant" on the same day. There, Jackson alleged that, based on various unauthenticated printouts from social media websites, Edmonton listed his employer as CitiMortgage at the time he signed the assignment of mortgage from MERS to CitiMortgage as nominee for Principal. On February 26, 2014, the trial court denied Jackson's motion, finding that a final order had been issued. Therefore, the motion was not properly before the court.

{¶7} On March 5, 2014, Jackson filed a motion for relief from judgment arguing that CitiMortgage lacked standing and he challenged the documents CitiMortgage submitted in support of its suit. CitiMortgage filed a memorandum in opposition on March 13, 2014. Jackson filed a reply, attaching various documents including news articles with allegations of "robo-signing" and mortgage fraud. On March 20, 2014, the trial court denied Jackson's motion finding he had not set forth operative facts necessary to satisfy the requirements of Civ.R. 60(B). A sale date was set, and an appraisal was

performed by the time Jackson filed a notice of appeal on March 29, 2014, assigning the following errors for review:

> I. The trial court erred in granting summary judgment to Plaintiff-Appellee CitiMortgage in holding that Plaintiff has standing to foreclose and has maintained that standing throughout these proceedings as required by law.

> II. The trial court erred when it found that the Mortgage at issue in this case was duly recorded June 5, 2003 as Instrument Number 200306050053.

> III. The trial court erred in assuming "Subject Matter Jurisdiction". In denying my request that the Plaintiff produce the original documents (the Mortgage, Note and Assignment docs) as required by law, the court denied me the protections afforded by law, against the potential fraud that is rampant in the banking industry today.

> IV. The trial court erred: it was an abuse of discretion for the Court to deny Defendants [sic] 60(B) Motion to Vacate without holding a hearing.

## II. Law and Analysis

{¶8} Unfortunately, Jackson's first assignment of error is not properly before this court on appeal. Jackson is appealing from a decision denying his motion for relief from a final judgment. He did not directly appeal from the grant of summary judgment and order of foreclosure. This court is limited to determining issues properly before it on appeal; namely, the trial court's decision to deny Jackson's motion for relief from judgment. Accordingly, the first assignment of error taking issue with the trial court's decision on summary judgment cannot be addressed.

{¶9} The second and third assignments of error can be read as arguments raised in Jackson's Civ.R. 60(B) motion, and therefore will be addressed in that context.

### A. Civ.R. 60(B)

**{¶10}** In his final assignment of error, Jackson argues that the trial court erred in denying his motion without a hearing. When reviewing the denial of a motion for relief from judgment, an appellate court applies an abuse of discretion standard of review. *Shuford v. Owens*, 10th Dist. Franklin No. 07AP-1068, 2008-Ohio-6220, ¶15, citing *Natl. City Bank v. Rini*, 162 Ohio App.3d 662, 2005-Ohio-4041, 834 N.E.2d 836, ¶ 15 (11th Dist.). To constitute an abuse of discretion, the ruling must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

> "To prevail on his motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

*GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). Those stated grounds are:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Civ.R. 60(B).

**{¶11}** Jackson makes the argument that CitiMortgage did not have standing to foreclose because there is no valid assignment of the mortgage from Principal to

CitiMortgage. In Jackson's second assignment of error, he also advances an argument that an invalidly recorded deed renders any subsequent mortgage void. These arguments go to whether Jackson has a meritorious claim or defense.

{¶12} In a thorough and well-reasoned opinion, the Tenth District addressed a similar argument to Jackson's that MERS did not validly assign a mortgage to a bank that then filed a foreclosure suit. *Bank of Am., N.A. v. Pasqualone*, 10th Dist. Franklin No. 13AP-87, 2013-Ohio-5795. After analyzing whether the bank seeking foreclosure was the holder of the note and entitled to enforce its terms, the court affirmed long-standing Ohio law that "'where a promissory note is secured by a mortgage, the note is evidence of the debt and the mortgage is a mere incident of the debt.'" *Id*. at ¶ 38, quoting *U.S. Bank N.A. v. Gray*, 10th Dist. Franklin No. 12AP-953, 2013-Ohio-3340, ¶ 32, citing *Edgar v. Haines*, 109 Ohio St. 159, 164, 141 N.E. 837 (1923), and *Kernohan v. Manss*, 53 Ohio St. 118, 133, 41 N.E. 258 (1895). Therefore, "the physical transfer of the note endorsed in blank, which the mortgage secures, constitutes an equitable assignment of the mortgage, regardless of whether the mortgage is actually (or validly) assigned or delivered." *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 65.

{¶13} CitiMortgage attached a copy of the note to its complaint that contains an endorsement in blank. Therefore physical transfer and possession of the note is sufficient to demonstrate rights of enforcement and standing to bring suit based on a

breach of the conditions of the note. *See Pasqualone* at ¶ 23-33 (thorough discussion of right of enforcement under Ohio's version of the Uniform Commercial Code).

{¶14} Assuming Jackson is correct, without deciding whether the assignment of the mortgage to CitiMortgage was deficient, an invalid transfer of the mortgage does not establish that CitiMortgage lacks standing to initiate a foreclosure suit. CitiMortgage demonstrated that it was entitled to enforce the note as the holder of the note endorsed in blank.

{¶15} Jackson alleges in his third assignment of error that the trial court erred in denying his request to have CitiMortgage produce the original note, mortgage, and assignment. However, this decision is outside of the scope of the present appeal. Therefore, it cannot be addressed because this court's review is limited to the proceedings involving Jackson's motion for relief from judgment.

{¶16} Finally, whether the deed from the prior owner to Jackson was validly recorded does not impact Jackson's obligation under the note. Recording provides notice to third parties. *Stansell v. Roberts*, 13 Ohio 148 (1844). As between the parties to a transaction, actual notice is inherent and a failure to record an instrument does not affect its validity. *Bradford v. B & P Wrecking Co.*, 171 Ohio App.3d 616, 2007-Ohio-1732, 872 N.E.2d 331 (6th Dist.) (failure to record a land installment contract did not affect the parties' contractual obligations and rights in a foreclosure action).

{¶17} Jackson has not demonstrated the existence of a meritorious claim or defense. He does not allege that he is current on his required payments or that

CitiMortgage does not have enforcement rights for the note. He does not allege that a third party has enforcement rights or is otherwise entitled to receive payments under the note. CitiMortgage has demonstrated it has standing, and Jackson has not offered any valid evidence to dispute that proposition. Jackson's lack of a meritorious claim or defense is fatal to his motion. Therefore, he failed to allege sufficient operative facts that would require the trial court to hold a hearing on the motion. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19, 665 N.E.2d 1102 (1996). In the absence of such operative facts, the court did not err in denying Jackson's motion without a hearing.

### III. Conclusion

{¶18} Jackson failed to demonstrate that he was entitled to relief from judgment under Civ.R. 60(B). Therefore, the trial court did not err in denying his motion without a hearing.

{¶19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KENNETH A. ROCCO, J., and
MARY EILEEN KILBANE, J., CONCUR