[Cite as *McClain v. Alexander*, 2023-Ohio-2007.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


Diana McClain                                   Court of Appeals No.  L-22-1268

    Appellant                                 Trial Court No.  CVG-21-15879

v.

Cheryl R. Alexander                          **DECISION AND JUDGMENT**

    Appellee                                   Decided:  June 16, 2023

* * * * *

Brian J. Ballenger, for appellant.

C. Paul Okafor, for appellee.

* * * * *

**MAYLE, J.**

{¶ 1} In this landlord-tenant dispute, the plaintiff-appellant, Diana McClain,

appeals a decision by the Toledo Municipal Court, Housing Division that denied her

motion for relief from judgment pursuant to Civ.R. 60(B).  The judgment dismissed her

claim for unpaid rent and found her liable as to counterclaims, brought by the defendant-appellee, Cheryl Alexander. Finding no error, we affirm.

## I. Background

{¶ 2} McClain ("landlord") filed suit on December 13, 2021 seeking restitution of property located at 3734 Douglas Road in Toledo. Landlord also asserted a claim for back rent, at a rental rate of $700 per month. Soon after filing suit, Alexander ("tenant") vacated the property, leaving only the back rent claim to be tried.

{¶ 3} Tenant counterclaimed. She alleged that the property had been without heat, hot water and electricity for seven months. Tenant complained of other "substandard conditions," including a rodent infestation, broken windows, and "unsafe and unsecured windows and doors." Tenant sought compensatory damages under Chapter 5321 of the Ohio Revised Code ("The Ohio Landlords and Tenants Act") and other common law claims. Landlord filed an answer, denying any liability.

{¶ 4} The original trial date was set for June 23, 2022, but was rescheduled for July 28, 2022, and then again for August 25, 2022 at 9:00 a.m.

{¶ 5} When the case was called for trial, at 10:15 a.m. on August 25, 2022, neither landlord nor her counsel was present. Under questioning by the court, tenant's counsel said that he had a conversation with "somebody" regarding "the whereabouts of [landlord's counsel]." Tenant's counsel was told that landlord's counsel "never got the notice [of the trial date]" and had been in the courtroom earlier that morning, around 9

2.

a.m., on another matter. The trial court indicated that it would "note [landlord] * * * failed to appear" and granted judgment in favor of tenant, as to both landlord's claim for back rent and tenant's counterclaims. The court then heard testimony and received evidence regarding tenant's claim for damages. At the conclusion of the hearing, the trial court awarded tenant $15,000 in damages, plus attorney's fees.

{¶ 6} Landlord filed a motion to be relieved from judgment pursuant to Civ.R. 60(B). Landlord claimed that the notice of trial "was never received by [her] Counsel," despite the fact "that the docket shows that the [notice] was mailed by the Assignment Commissioner." The motion also asserts that landlord's counsel called landlord "late" in the morning on the day of trial but was unable to reach her. Finally, the motion indicates that landlord's counsel is the prosecutor in a neighboring municipal jurisdiction and "has a docket on Thursdays," which prevented him from being able to try the case on the day it was called. Landlord reminded the court that her counsel was "at every [other] court date scheduled in this matter." For those reasons, landlord prayed that the motion be granted and a new trial scheduled. Tenant opposed the motion.

{¶ 7} By judgment dated October 5, 2022, the trial court denied landlord's motion for relief. On October 12, 2022, the trial court awarded tenant $4,658.80 in attorney fees, following submission of affidavits by tenant, for a total judgment of $19,658.80.

{¶ 8} Landlord appealed the October 12, 2022 judgment and asserts two assignments of error for our review.

3.

**ASSIGNMENT OF ERROR NO. 1**:  The Court erred and abused its discretion in denying Plaintiff-Appellant's Motion to vacate its Entry under Civ.R. 60(B).

**ASSIGNMENT OF ERROR NO. 2**:  The Court committed reversible error by granting judgment in favor of Defendant/Appellee without requiring any evidence to be submitted prior to granting judgment.

## II.     The trial court did not abuse its discretion when it denied landlord's Civ.R. 60(B) motion.

{¶ 9} Civ.R. 60 ("Relief from judgment or order") provides, in relevant part,

(B) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; Etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall

4.

be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶ 10} To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *. *GTE Automatic Elec., Inc. v. ARC Indus., Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If any one of the three *GTE* requirements is not met, the motion should be overruled. *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

{¶ 11} The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of the discretion. *Strack v. Pelton*, 70 Ohio St.3d 172, 637 N.E.2d 914 (1994). An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 12} In its decision, the trial court found,

Because [landlord] does not cite a specific subsection of Rule 60(B), the court construes the motion under Rule 60(B)(5), given that Plaintiff's

5.

cause for relief lies under the allegation that the physical notification of the trial date was not received by [landlord's] counsel.

Ohio courts have consistently recognized that the failure of an attorney to appeal and represent their client does not constitute grounds for relief under Rule 60(B)(1). *CB Group, Inc., v. Hosp., L.L.C.,* 8th Dist. Cuyahoga No. 93387, 2009-Ohio-6652. It is also well established that Rule 60(B)(5) does not protect a party "who ignores its duty to protect its interest." *Lebanon Auto Parts v. Dracakis,* 12th Dist. Warren No. CA99-09-110, 2000 WL 433240 (Apr. 17, 2000), quoting *Mount Olive Baptist Church v. Papkins Paints,* 64 Ohio App.2d 285, 414 N.E. 850 (8th Dist.1979). This, compounded with the fact that both [landlord] themselves [sic] along with [landlord's] counsel failed to appear for the third trial date of the matter, the fact that the court's certified journal entry indicates that notice was sent to both parties successfully, and the fact that [landlord] was unreachable by their [sic] own counsel, all culminate in the failure of [landlord] to demonstrate entitlement to relief under one of the grounds stated in Rule 60(B). As failure of a single prong of the *GTE* test is fatal to relief, the court will not examine any of the other prongs.

{¶ 13} On appeal, landlord challenges the trial court's decision to analyze her motion under Civ.R. 60(B)(5). She claims, "[c]learly, lack of notice of the trial date * * * should be considered * * * excusable neglect" under Civ.R. 60(B)(1). We disagree.

{¶ 14} As the trial court noted, "[a]n attorney's failure to appear and represent his client is not an 'excusable neglect' ground under Civ.R. 60(B)(1)." *CB Grp., Inc. v. Starboard Hosp., L.L.C.,* 8th Dist. Cuyahoga No. 93387, 2009-Ohio-6652, ¶ 21 citing *Whitt v. Bennett*, 82 Ohio App.3d 792, 798, 613 N.E.2d 667 (8th Dist.1992) (Noting that Civ.R. 60(B)(1) is reserved for "matters that concern simple lapses and technical failures."). However, an attorney's failure to represent his client *may* constitute "inexcusable neglect," thereby entitling a party to relief under Civ.R. 60(B)(5). *CB Grp.* at ¶ 21 ("Matters of the extraordinary nature are more accurately under the purview of Civ.R. 60(B)(5)."). In *GB Grp.,* the court found that a party was entitled to relief where he "demonstrated through his affidavit, which was attached to his motion to vacate judgment, that his attorney[s] * * * abandoned their representation of him." *Id.* at ¶ 22.

{¶ 15} In this case, landlord does not account for the alleged "lack of notice." That is, she makes no attempt to explain—through sworn testimony or otherwise—why the docket indicates that notice was sent if notice was not received, nor does she indicate what efforts, if any, were taken to track the source of the error. We also take particular note of landlord's assertion that, after counsel learned at 10:15 a.m. that trial was set for that day, August 25, 2022, "the next information [counsel] received was the Notice of the

7.

Judgment against [landlord] *12 days later.*"  (Appellant's brief at 1; emphasis added.) We conclude from this assertion that—in those 12 days—neither landlord nor counsel attempted to confirm whether the trial had gone forward or the results.  In sum, we see no evidence that the trial court abused its discretion in finding that landlord was not entitled to relief under Civ.R. 60(B)(5).  *Accord Jo–Rene Corp. v. Jastrzebski,* 8th Dist. Cuyahoga Nos. 79933, 80310, 2002-Ohio-1550 (Although defense counsel's representation may have been deficient, relief from judgment was not warranted pursuant to Civ.R. 60(B)(5), because the defendant had constructive notice of the hearing through the trial court's docket).

{¶ 16} Although this alone is reason to affirm the trial court's judgment, we will also address landlord's claim on appeal that she "would have provided a meritorious defense" if relief had been granted.

{¶ 17} "To show the existence of a meritorious defense under Civ.R. 60(B), the movant need not establish ultimate success on the merits."  *K. Ronald Bailey & Assoc., L.P.A. v. Martin,* 6th Dist. Erie No. E-08-057, 2009-Ohio-2932, ¶ 15, citing *Natl. City Bank v. Mulinex,* 6th Dist. Lucas No. L-05-1066, 2005-Ohio-5460, ¶ 13.  However, "'the movant must provide the trial court with operative facts that would constitute a meritorious defense if found to be true.'"  *Id.,* quoting *Natl. City Bank.*  And, the operative facts must be alleged "with enough specificity to allow the trial court to decide whether the movant has met that test."  *Id.,* quoting *Syphard v. Vrable,* 141 Ohio App.3d

8.

460, 463, 751 N.E.2d 564 (6th Dist.2001). In *K. Ronald Bailey,* we found that the trial court abused its discretion in granting relief under Civ.R. 60(B) where the movant "failed to assert a meritorious defense or claim of any kind." *Id.* at ¶ 15.

{¶ 18} Here, although landlord *now* argues that she would have provided a meritorious claim or defense, her motion before the trial court failed to make any such assertion. Likewise, landlord failed to present any evidentiary material in support of the motion from which the requisite operative facts supporting relief from judgment could have been ascertained. Because landlord did not meet her burden to allege the existence of a meritorious claim or defense, or any operative facts in support thereof, we find that the trial court did not abuse its discretion in denying her motion for relief from judgment.

{¶ 19} If any one of the three *GTE* requirements is not met, the motion should be overruled. *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). Here, landlord failed to show that she was entitled to relief under the first *and* second prongs of the *GTE* test. We therefore find that the trial court did not abuse its discretion in denying landlord's motion. Landlord's first assignment of error is found not well-taken.

### III. The trial court did not err in granting tenant judgment as to her counterclaims.

{¶ 20} In her second assignment of error, landlord claims that "the Court granted judgment for [tenant] without taking any evidence." Specifically, landlord claims that no evidence was presented regarding "the owner of the real property, whether [a] rental

9.

agreement existed, and * * * fault." Landlord also complains that the court granted judgment in tenant's favor despite the absence of any motion for judgment on the pleadings. She argues that it was error to enter judgment against her under these circumstances. Again, we disagree.

{¶ 21} "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Civ.R. 12(C). "A determination of a motion for judgment on the pleadings is limited to the allegations in the pleadings and any documents attached and incorporated thereto." (Citations omitted.) *M. C. v. Choudhry,* 9th Dist. Summit Nos. 29859, 29866, 2022-Ohio-915, ¶ 29.

{¶ 22} In her complaint, it was *landlord* who alleged that she "is the Owner/Agent of the premises located at 3734 Douglas Rd., Toledo 43613, Lucas County, Ohio." In support, she attached to the complaint a document indicating that the property was transferred to landlord on November 4, 2020. Landlord also alleged that tenant was "in default of * * * her lease or rental agreement [due to] Non Payment."

{¶ 23} Likewise, in tenant's answer and counterclaim, she alleged that landlord violated R.C. 5321.04 for "failing to maintain the rental unit in a safe and habitable condition, despite [tenant's] repeated requests that they [sic] do so. Specifically, [landlord] failed to remedy the rodent infestation, the broken windows, the unsecured door to the roof, the furnace, the hot water tank, the broken backyard staircase, and the cracked front screen door." Upon review, we find that the allegations set forth in the

10.

pleadings, taken as true, establish ownership of the property, the existence of a rental agreement, and landlord's liability.

{¶ 24} We further note that, after granting judgment in favor of tenant, the trial court heard testimony and received evidence regarding the living conditions of the property. Tenant testified that, when the ownership of the home transferred to landlord, she agreed that the conditions—including rats that were living in the back yard—would be "taken care of." One month later, landlord "made it clear to [tenant] that she wasn't going to fix anything." Landlord even told tenant to put some gloves on and "pick [the rats] up" herself. Although tenant's $750 monthly rental rate included utilities, landlord turned the lights, water and gas off "in the middle of winter." According to tenant, "[i]t was freezing," and tenant was "scared" because she had a new baby, along with a five and six-year old. Tenant paid rent "for about six months * * * in full," and in that six months, the home was without utilities for four months, ultimately forcing tenant to move out and live at a hotel or with family. Moreover, when the utilities were shut off, the inside of the house became "infested with rats * * *." According to tenant, the rats "made nests, they ate up everything. We lost everything, everything." In support of her claims, tenant submitted photographs of the interior and exterior of the property.

{¶ 25} We find that the trial court did not err in entering judgment in favor of tenant, based upon the allegations set forth in the pleadings and the documents attached thereto. We also find that the trial court did not err in granting judgment, even in the

11.

absence of an express motion under Civ.R. 12(C). *See, e.g., Id.* at ¶ 29. ("[T]he trial court was permitted to sua sponte enter judgment on the pleadings * * *). For these reasons, we find landlord's second assignment of error not well-taken.

### IV.  Conclusion

{¶ 26} We find that the trial court did not abuse its discretion in denying landlord's motion for relief from judgment and further did not err in granting judgment in favor of tenant as to tenant's counterclaims. Accordingly, we find that landlord's assignments of error are not well-taken, and the October 12, 2022 judgment of the Toledo Municipal Court if affirmed. Landlord is ordered to pay the costs of this appeal pursuant to App.R. 24. It is so ordered.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.   _____

            JUDGE

Christine E. Mayle, J.

           _____

Gene A. Zmuda, J.       JUDGE
CONCUR.

           _____

           JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.