[Cite as *Law Offices of Robert E. Soles, Jr., Co., LPA v. Swinderman*, 2026-Ohio-730.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LAW OFFICES OF ROBERT E. SOLES, JR., CO., LPA | Case No. 2025CA00075 |
| | <u>Opinion and Judgment Entry</u> |
| Plaintiff - Appellee | |
| | Appeal from the Canton Municipal Court, Case No. 2025-CVF-1383 |
| -vs- | |
| BRADLEY SWINDERMAN | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: March 4, 2026 |

**BEFORE:** Andrew J. King, William B. Hoffman, David M. Gormley, Appellate Judges

**APPEARANCES:** Robert E. Soles, Jr., Kara Dodson, Robert E. Soles, III, Law Offices of Robert E. Soles, Jr., Co., LPA, for Plaintiff-Appellee; Bradley Swinderman, Pro se, Defendant-Appellant

OPINION

*Hoffman, J.*

{¶1} Defendant-appellant Bradley Swinderman appeals the June 10, 2025 Judgment Entry entered by the Canton Municipal Court, which denied his motion to vacate. Plaintiff-appellee is the Law Office of Robert Soles. We affirm the trial court.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellee and Appellant entered into an Agreement for Legal Services ("the Agreement") on July 26, 2022. Pursuant to the Agreement, Appellee agreed to perform legal services to defend Appellant in a civil appropriation action; and Appellant agreed to pay the associated hourly fees for those legal services. Appellee performed the requested legal services, but Appellant failed to pay.

{¶3} On March 17, 2025, Appellee filed a complaint against Appellant, seeking $12,987.00 for the legal services rendered. The Clerk of the Canton Municipal Court sent a summons and a copy of the complaint to Appellant via FedEx. Appellant failed to file an answer. Appellee filed a motion for default judgment on May 5, 2025. On the same day, Appellant filed a Motion for Extension of Time for Legal Help to Draft Reply Correctly. Appellant filed a motion in opposition to Appellee's motion for default judgment on May 6, 2025. On May 7, 2025, the trial court filed a judgment entry denying Appellant's motion for extension of time. The trial court granted default judgment in favor of Appellee via Judgment Entry/Default Judgment filed May 7, 2025.

{¶4} On May 21, 2025, Appellant filed a motion to vacate. Appellant's motion is, in actuality, a letter to the trial court. Therein, Appellant states he never received the FedEx notices of multiple attempted deliveries and did not open the summons and

complaint sent on April 2, 2025, via regular U.S. mail until April 9, 2025. Appellant explained he contacted the Clerk of Court and was informed he had 28 days from the postmark date of the summons and complaint, to wit: April 3, 2025. Appellant believed he had until May 1, 2025, to file an answer. Appellant faxed a partial answer on April 29, 2025, and re-faxed his partial answer on May 1, May 2, and three times on May 3, 2025. The Clerk of Court advised Appellant his answer was never received. Appellant further claimed he never received an invoice from Appellee; therefore, was unable to review or contest the validity of the charges.

{¶5} Appellee filed a response to Appellant's motion to vacate, asserting Appellant failed to demonstrate he had a meritorious defense and failed to show excusable neglect for failing to file a timely answer. Via Judgment Entry filed June 10, 2025, the trial court denied Appellant's motion to vacate without opinion.

{¶6} It is from this judgment entry Appellant appeals.

{¶7} We begin by noting Appellant's Brief fails to comply with App. R. 16, which provides:

(A) Brief of the Appellant. The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

(1) A table of contents, with page references.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

{¶8} Appellant's brief fails to satisfy any of the requirements of App. 16(A); therefore, the brief is noncompliant. Compliance with the above-stated rule is mandatory. *Zanesville v. Robinson*, 2010-Ohio-4843, ¶ 26 (5th Dist.). "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate court is a tactic which is ordinarily fatal." *Musleve v. Musleve*, 2008-Ohio-3961, ¶ 21 (5th Dist.). Such deficiencies permit this Court to dismiss Appellant's appeal. *State v. Darby*, 2019-Ohio-2186, ¶¶ 21-24 (5th Dist.). Notwithstanding the omissions in Appellant's brief, in the interests of justice and finality, we elect to review the appeal.

**{¶9}** To succeed on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150 (1976). "If any of these three requirements is not met, the motion should be overruled." *Rose Chevrolet v. Adams*, 36 Ohio St.3d 17, 20 (1988).

**{¶10}** Under the first prong of the *GTE Automatic* test, a movant must demonstrate he has a meritorious defense (or claim) to present if relief is granted. "To show the existence of a meritorious defense under Civ.R. 60(B), the movant need not establish ultimate success on the merits." *K. Ronald Bailey & Assocs. Co. v. Martin*, 2009-Ohio-2932, ¶ 15 (6th Dist.), citing *Nat'l City Bank v. Mulinex*, 2005-Ohio-5460, ¶ 13 (6th Dist.). However, "the movant must provide the trial court with operative facts that would constitute a meritorious defense if found to be true." (Citation and internal quotations omitted.) *Id.* The operative facts must be alleged "with enough specificity to allow the trial court to decide whether the movant has met that test." *Id.*, quoting *Syphard v. Vrable*, 2001-Ohio-3229  (6th Dist.).

**{¶11}** Appellant failed to show he has a meritorious defense to Appellee's claim. In his motion, Appellant argues he never received an invoice from Appellee.  However, Appellant did not present any evidentiary material in support of his motion from which the requisite operative facts supporting relief from judgment could have been ascertained.

Appellant did not offer any sworn testimony by way of affidavit or other evidence to support his position.

**{¶12}** Under the second prong of the *GTE Automatic* test, a movant must show he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). Excusable neglect is the only ground upon which Appellant could arguably show he was entitled to relief. Excusable neglect has been defined in the negative. *Twymon v. Eagle Auto Parts, Inc.*, 2022-Ohio-2360, ¶ 51 (8th Dist.). The inaction of a defendant is not excusable neglect if it can be labeled as a "complete disregard for the judicial system." *Kay v. Marc Glassman*, 76 Ohio St.3d 18, 20 (1996). Cases finding excusable neglect typically involve special circumstances which justify the neglect. *Dispatch Printing Co. v. Recovery Ltd. Partnership*, 2015-Ohio-1368, ¶ 13 (10th Dist.). Neglectful conduct is not excusable if the party seeking relief could have prevented the circumstances from occurring. *Stuller v. Price*, 2003-Ohio-583, ¶ 52 (10th Dist.). While special or unusual circumstances can justify neglect, if a party "could have controlled or guarded against the happening of the special or unusual circumstance, the neglect is not excusable." *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525 (4th Dist. 1997).

**{¶13}** We find Appellant failed to demonstrate excusable neglect for not filing an answer. In his motion, Appellant admitted he was in possession of the summons and complaint on April 9, 2025. Appellant claimed he made multiple attempts to fax an answer to the Clerk of Court on April 29, 2025, and May 1, 2, and 3, 2025, but such were never received. Appellant attached copies of successful job notifications from an HP LaserJet 500 MFP M525 to support his assertion he attempted to fax an answer to the Clerk.

However, Appellant failed to offer any sworn testimony to authenticate these pages are what he purports them to be.

**{¶14}** Because Appellant did not meet his burden to allege the existence of a meritorious claim or defense, or any operative facts in support thereof, and because his failure to answer was not the result of excusable neglect, we find the trial court did not abuse its discretion in denying his motion to vacate.

**{¶15}** The judgment of the Canton Municipal Court is affirmed. Costs to Appellant.

By: Hoffman, J.

King, P.J. and

Gormley, J. concur